UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NIEL JACOBSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. **1:14-cv-00108-JLT (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING PLAINTIFF'S MOTIONS TO ADDENDUM AS UNNECESSARY**<br><br>**(Docs. 1, 6, 10)** |

**I.     Background**

Plaintiff, Michael Neil Jacobsen, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on January 24, 2014. (Doc. 1.) On February 12, 2014 and April 8, 2014, Plaintiff filed documents which he entitled "Motion to Addendum" which are "to update with current happenings with regard to this claim." (Docs. 6, 10.) These motions are construed a motions seeking leave to amend the Complaint.

**A.     Plaintiff's Motions to Amend**

Plaintiff may amend once as a matter of right before service of a responsive pleading by defendants. Fed. R. Civ. P. 15(a). Plaintiff has not previously amended his complaint and no defendants have filed a responsive pleading, so Plaintiff would normally be allowed to file an amended complaint without permission from the Court. However, his motions are properly

denied as unnecessary as the very leave to amend he seeks is granted in this screening order.

It is noted that Plaintiff's "Motion[s] to addendum" are 12 and 91 pages long. It is further noted that the Complaint contains a number of allegations pertaining to Plaintiff's arrest rather than the conditions of his confinement. Thus, rather than just allowing Plaintiff to file an amended complaint, the Court has chosen to screen Plaintiff's Complaint in order for Plaintiff to have what appear to be the applicable standards before him in drafting a first amended complaint. Plaintiff's "Motion[s] to Addendum" are denied as unnecessary since he is being given leave to file a first amended complaint in which he may choose to attempt to incorporate applicable factual allegations contained in his "Motion[s] to Addendum" to his claims in this action. Hereafter, amendment will only be allowed with leave of court.

### B.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### C.     Summary of Plaintiff's Complaint

Plaintiff complains of his arrest, retention in the Fresno County Jail, and of his limited access to legal materials and phone calls that he feels are necessary to challenge his confinement. Plaintiff names the People of the State of California as the only defendant in this action.

Plaintiff may be able to amend to correct the deficiencies in his pleading so as to state a cognizable claim. Thus, he is being given the applicable standards based on what claims it appears he is attempting to state and leave to file a first amended complaint

### D.     Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C.  § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to "state a claim that is plausible on its face.""  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.  While "plaintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, courts are not required to indulge unwarranted inferences.  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible -- no more than twenty-five (25) pages in length.  He should merely state

which of his constitutional rights he feels were violated by each Defendant and its factual basis.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each individuasl named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names the Defendant in this action as "People of the State of California" -- which is not an individual for purposes of section 1983. Plaintiff must identify individual defendant(s) whom he feels are responsible for each violation of his constitutional rights and their factual basis as a first amended complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Exhibits

Plaintiff is reminded that originals, or copies of evidence (i.e., prison or medical records, witness affidavits, inmate appeals, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief via his factual allegations. Thus, in amending his Complaint, Plaintiff would do well to simply state the facts upon which he alleges a defendant has

violated his constitutional rights and refrain from submitting exhibits.

If Plaintiff feels compelled to submit exhibits with an amended complaint, he is reminded that such exhibits must be attached to the amended pleading and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). With regard to exhibits that are properly attached and incorporated, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated.

Further, if Plaintiff attaches exhibits to an amended complaint, each exhibit must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "see Exhibit A, page 3"). Finally, the Court reminds Plaintiff that the Court must assume that Plaintiff's factual allegations are true. Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations in a complaint.

### 4. Federal Rule of Civil Procedure 18(a)

Federal Rule of Civil Procedure 18(a) states:
> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court must be able to discern a relationship between Plaintiff's claims. At this point, it appears that Plaintiff's allegations of being taken to the ground on contraband suspicion (against the officers) and being involuntarily medicated (against the medical/mental health staff) are separate and distinct incidents. Plaintiff is advised that if his first amended complaint fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

///

### E. Claims for Relief

#### 1. *Heck v. Humphrey*

When a prisoner raises a constitutional challenge which could entitle him to an earlier release his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 498 U.S. 1126 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*, at 487.

#### 2. Access to the Courts

"Prisoners have a fundamental constitutional right of access to the courts which includes adequate access to a law library." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 138 (9th Cir. 1987) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). "Although prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979)).

#### 3. Supervisory Liability

Plaintiff is reminded, in deciding which individuals to name as defendants in this action, that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged

1  deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or
2  promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of
3  constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*,
4  885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045
5  (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for
6  the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677.  "In
7  a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the
8  term 'supervisory liability' is a misnomer." *Id.*  Knowledge and acquiescence of a subordinate's
9  misconduct is insufficient to establish liability; each government official is only liable for his or
10 her own misconduct.  *Id.*

11    "'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the
12 elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to
13 dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*,
14 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)).  "Such
15 allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather
16 because they do nothing more than state a legal conclusion – even if that conclusion is cast in the
17 form of a factual allegation." *Id.*

18    Thus, allegation that officers/deputies violated Plaintiff's rights will not equate to
19 cognizable claims that the Warden/Sheriff is somehow liable because they are under his/her
20 supervision.

21 **II.    CONCLUSION**

22    For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first
23 amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this
24 order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the
25 date of service of this order.

26    Plaintiff must demonstrate in any first amended complaint how the conditions complained
27 of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d
28 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named

defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's "Motion[s] to Addendum," filed on February 12, 2014 and April 8, 2014 (Docs. 6, 10), are DENIED as unnecessary;
2. Plaintiff's Complaint is dismissed, with leave to amend;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within 30 days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and

///

///

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 16, 2014**                           **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE