# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | **Case No. 1:14-cv-00108-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR OUTSIDE EXAMINATION AND ACCESS TO A COPY MACHINE**<br><br>**(Doc. 27)** |

Plaintiff is proceeding in this action on claims for relief under section 1983: (1) against Sergeant Diaz for use of excessive force and deliberate indifference to his serious medical needs in violation of the Eighth Amendment, violation of Plaintiff's right of access to the courts, and retaliation in violation of the First Amendment; (2) against Officer Barahas for excessive force in violation of the Eight Amendment and retaliation in violation of the First Amendment; and against Nurse Monica for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (*See* Docs. 16, 17.) On December 31, 2014, Plaintiff filed a motion to order CDCR to send Plaintiff for an outside medical examination and to provide him weekly access to a copy machine.[1] (Doc. 27.) For the reasons set forth below, the motion is **DENIED**.

In his motion, Plaintiff seeks an order that an outside physician examine the body parts he

---

[1] Defendants filed an opposition to which Plaintiff has not replied despite lapse of more than sufficient time. (Doc. 28.) The motion is deemed submitted. L.R. 230(l).

1

alleges sustained injuries in this action.[2] Federal Rule of Evidence 706 ("Rule 706") provides for court appointment of an expert witness upon a party's motion or on its own volition. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . " Fed. R. Evid. 702.

The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), however, where the costs would likely be apportioned to the government, the Court should exercise caution. Plaintiff's *pro se*, *in forma pauperis* status alone is not grounds for the appointment of an expert witness to assist Plaintiff with his case and Rule 706 is certainly not a meant to provide an avenue to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted).

The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the medical care issue is not of such complexity that the Court requires the assistance of a neutral expert at this time. *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No.

---

[2] While Plaintiff seeks a medical examination under Federal Rule of Civil Procedure 35, he clearly desires a court-appointed expert witness under Federal Rules of Evidence 706 since there is no evidence before the Court that Defendants have requested examination of Plaintiff's condition. If Defendants desire to have Plaintiff examined, they may move for an order under Federal Rule of Civil Procedure 35. But this Rule does not provide a mechanism for Plaintiff to secure his own examination.

2

08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010). Moreover, there are currently no pending matters in which the Court requires special assistance. *Ford*, 291 F.3d at 1090; *Walker*, 180 F.3d at 1071.  However, Plaintiff is not foreclosed from requesting appointment of an expert witness if/when the issues in this action are presented to the trier of fact.

In his motion, Plaintiff requests that he be granted immediate injunctive relief ordering "Wasco State Prison to allow [him] to make photo copies at least once a week, if needed, to prepare motions . . . ."  (Doc. 27.)

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as an initial matter, it have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Regardless, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's issues of obtaining copies of documents for filing in this action.  *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding.  *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969.

The claims which Plaintiff is proceeding on in this action allegedly occurred at the Fresno County Jail.  Plaintiff is currently housed at Wasco State Prison (WSP).  Accordingly, Plaintiff lacks standing to seek relief directed at remedying his current conditions of confinement at WSP. Thus, Plaintiff's motion for injunctive relief must be denied for lack of jurisdiction over "Wasco State Prison" in this action.

3

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of an expert witness and for weekly copies of his legal documents, filed on December 31, 2014 (Doc. 27), is DENIED.

IT IS SO ORDERED.

Dated:   **March 10, 2015**             **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE