UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Defendant. | **Case No. 1:14-cv-00108-JLT (PC)**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT and DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**(Docs. 47, 50)** |

**I. Background**

Plaintiff filed his original complaint in this action on January 24, 2014. (Doc. 1.) The Court screened it and dismissed it with leave to amend. (Doc. 11.) On May 7, 2014, Plaintiff filed the First Amended Complaint ("1stAC")[1] (Doc. 13) which the Court screened. (Doc. 15). On July 3, 2014, Plaintiff filed the Second Amended Complaint ("2ndAC"). (Doc. 16) The Court screened it and found the complaint stated cognizable claims for relief under section 1983. In particular, the Court found cognizable claims: (1) against Sergeant Diaz for using excessive force and for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment and for violation of Plaintiff's right of access to the courts and retaliation in violation of the First Amendment; (2) against Officer Barahas for using excessive force in violation of the

---

[1] A week later, Plaintiff filed a "motion to addendum" (Doc. 14) which was disregarded when the 1stAC was screened and Plaintiff was thereafter given another opportunity to amend (Doc. 15).

1

Eighth Amendment and for retaliation in violation of the First Amendment; and, (3) against Monica Choe, R.N. (erroneously sued herein as "Nurse Monica") for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. 17).  Thereafter, Defendants Diaz and Barahas were served and filed answers.  (Docs. 22, 25.)  The Court then issued the first Discovery and Scheduling Order issued.  (Doc. 24.)  Defendant Choe was served later.  (*See* Docs. 35, 38, 48.)

On August 13, 2015, Plaintiff lodged his Third Amended Complaint ("3rdAC").  (Doc. 44.)  In response, Diaz and Barahas ("Defendants") filed a motion to strike the 3rdAC.  (Doc. 47.)  Though Choe filed an answer (Doc. 48), she has not opposed the motion to amend or joined in the other Defendants' motion.  Plaintiff did not file an opposition to Defendants' motion to strike.  However, he filed a motion for leave to file an amended complaint.  (Doc. 50.)  Defendants Diaz and Barahas opposed the motion. (Doc. 52)  Plaintiff did not file a reply.

## II. Amendment under Rule 15

The decision to grant leave to amend a complaint is vested within the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, there is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).  The Court should not grant leave where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### A. Defendants' Motion

In their motion,  Defendants argue only that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous[2] matter" (Doc. 47,

---

[2] Defendants fail to identify any parts of the 3rdAC they feel are "redundant, immaterial, impertinent, or scandalous" and the Court finds none.

2

1  2:17-18, citing Rule 12(f)); that the operative Amended Discovery and Scheduling Order stated

2  September 22, 2015 as the deadline for filing of amended pleadings in compliance with Rule 15

3  and Local Rule 220 (*id.*, at 2:18-23); and that Plaintiff's 3rdAC should be stricken because he

4  filed it without a stipulation of the parties and without leave of the court (*id.*, at 2:23-26).

5  Defendants argue that since Plaintiff failed to comply with the Amended Discovery and

6  Scheduling Order and Rule 15, "the Court should strike the entirety of Plaintiff's third amended

7  complaint because it is immaterial." (*Id.*, at 2:26-28.)  Defendants both fail to provide any

8  argument as to why they feel the 3rdAC is "immaterial" and fail to address any of the factors

9  under Rule 15 pertaining to amendment.

10  **B.  Plaintiff's Motion**

11  Plaintiff's request for leave to amend is sparse and terse.  The whole of Plaintiff's request

12  is:

> Petitioner, Michael Jacobsen, does hereby move the court to grant a leave
13  of court to amend complaint pursuant to Federal Rules of Civil Procedure
> 15(a)(2).
14
> The deadline to ammend [sic] said complaint is Sept. 22, 2015.  The
15  amended complaint Petitioner wishes to file is attached hereto.

16  Notably, there is no amended complaint attached to Plaintiff's request.  (*See* Doc. 50.)

17  **C.  Rule 15**

18  Defendants' motion to strike the 3rdAC and Plaintiff's motion to amend must be viewed in

19  light of the requirements of Rule 15. Under Rule 15(a), there are five factors to be considered in

20  deciding whether to grant leave to amend a complaint:  (1) whether the plaintiff has previously

21  amended his compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5)

22  prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura*

23  *County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  These factors are not of

24  equal weight; prejudice to the opposing party has long been held to be the most crucial factor in

25  determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

26  1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of

27  prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902

28  F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

### 1. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, the Court has permitted Plaintiff several opportunities to amend his complaint. Therefore, this factor weighs in favor of striking the 3rdAC.

### 2. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey,* 481 F.2d at 1191; *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). An important factor is whether "permitting an amendment would . . . produce an undue delay in the litigation." *Jackson*, 902 F.2d at 1387. Plaintiff's 3rdAC seeks to insert two new defendants and adds and/or clarifies factual allegations made in the 2ndAC. This action is over a year and a half old and the current discovery deadline is a mere two months away.[3]

Given the age and procedural position of this case, allowing the 3rdAC to proceed would cause a significant delay in the action. The two new defendants would need to be located, served and given the opportunity to conduct discovery. As a result, this factor weighs in favor of striking the 3rdAC.

### 3. Bad faith

There is no evidence before the Court to suggest whether Plaintiff may have acted in bad faith when he submitted the 3rdAC. Thus, this factor has no bearing in whether the Court should strike the 3rdAC.

### 4. Futility of amendment

While the Court is mindful of the liberality of Rule 15(a) and the leniency accorded *pro se* litigants, the Court may properly deny leave to amend if the proposed amendments are futile. *Woods v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d

---

[3] Defendant Choe has requested the operative discovery and scheduling order be significantly modified. (Doc. 55.) However, the time for the other parties to file oppositions and which may thereafter be replied to has yet to lapse.

4

1090, 1105-06 (9th Cir. 2011); *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). The Court has similar authority where the party seeking amendment knew or should have known of the facts upon which the proposed amendment is based, but failed to include them in prior pleadings, *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988).

The amendment is futile where added claims duplicate existing claims or are patently frivolous. *See Bonin*, 59 F.3d at 846. In this case, Plaintiff's allegations against the two individuals whom he names in the 3rdAC as new defendants in this action duplicate Plaintiff's claims against Defendant Diaz. Plaintiff's allegations against the two potential new defendants are stated within Plaintiff's claims which have already been found cognizable against Defendant Diaz and Plaintiff alleges that the two potential new defendants acted at Defendant Diaz's behest. (*See e.g.* Doc. 44, pp. 6-10.)

Further, the 3rdAC is based on the precise factual allegations that Plaintiff alleged in his prior pleadings in this action -- particularly those of the 2ndAC. However, Plaintiff fails to provide any explanation, let alone anything even verging on a satisfactory explanation, as to why he failed to include them in his prior pleadings. *Bonin*, 59 F.3d at 845. This is of particular concern because the Court directed Plaintiff to identify each individual defendant(s) "by name or by a Doe designation" in the order related to the screening of the 1stAC. (Doc. 15, 4:7-5:1) Despite this explicit direction, in his 2ndAC, Plaintiff failed to indicate there were any other actors whose names/identities he did not know, but to whom he attributed culpability (*see* Doc. 16).

Finally, Plaintiff's new allegations that the violations of his due process rights prevented him from timely filing pre-trial motions which caused him to be convicted of a crime which he did not commit (Doc. 44, pp. 7-8), raises an issue as to whether this action would be barred by the favorable termination rule. When a prisoner raises a constitutional challenge, which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 498 U.S. 1126 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*, at 487. Plaintiff does not state any facts in the 3rdAC to show that his conviction or sentence has been reversed, expunged, declared invalid, or called into question. (Doc. 44.) Thus, his new allegations that was held in Ad-Seg for the purpose of blocking his access to phones, visits with his family, and access to the courts—via blocking his access to the law library—are not cognizable in this action. The Court notified Plaintiff as much in its order screening his 1stAC. (*See* Doc. 15, 6:12-7:1.) Accordingly, this factor weighs heavily in favor of striking the 3rdAC.

### 5. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing the amendment. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Importantly, extending the discovery period has been found to prejudice existing defendants in this scenario. *See, e.g., Zivkovic,* 302 F.3d at 1087 (observing "[t]he requirement of additional discovery would have prejudiced [the defendant]" if leave to amend a complaint was granted); *Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice"). Defendants would be prejudiced if the Court were to allow Plaintiff to add new parties more than 18 months after initiation of the lawsuit where the vast majority of discovery with two of the three current Defendants is (or should be) nearly completed. *See DCD Programs*, 833 F.2d at 187; *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 43 F.3d

1054, 1069 (6th Cir. 1995)).  Given the likely prejudice to Defendants, this factor also weighs in favor of striking the 3rdAC.

### III. Conclusion

The Court finds that the predominance of factors under Federal Rule of Civil Procedure 15 weigh in favor of granting Defendants' motion to strike Plaintiff's lodged Third Amended Complaint from this action.   Based on the above, the Court **ORDERS**:

1. Defendants' motion to strike the lodged Third Amended Complaint (Doc. 47), is **GRANTED**;

2. Plaintiff's request for leave to file an amended complaint (Doc. 50), is **DENIED**; and

3. Plaintiff's Third Amended Complaint (Doc. 44), is **STRICKEN**.

IT IS SO ORDERED.

Dated:   **September 29, 2015**          /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

7