# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN, | Case No. 1:14-cv-00108-JLT (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO AMEND PLEADINGS and GRANTING DEFENDANT CHOE'S MOTION TO EXTEND THE DEADLINES FOR DISCOVERY CUT-OFF AND DISPOSITIVE MOTION FILING** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | **(Docs. 54, 55)** |

**I.     Background**

On September 25, 2015, Plaintiff filed a motion requesting an extension of the deadline to amend pleadings. (Doc. 54.) Defendants Barahas and Diaz opposed the motion. (Doc. 59) Defendant Choe filed neither an opposition nor a statement of non-opposition to Plaintiff's motion to extend the deadline to amend the pleadings. However, the same date that Plaintiff filed his motion, Defendant Choe filed a motion to modify the Amended Discovery and Scheduling Order. (Doc. 55.) Both Plaintiff and Defendants Barahas and Diaz filed statements of non-opposition to Defendant Choe's motion. (Docs. 57, 60.)

**II.    Modification of Scheduling Order**

**A. Plaintiff's Motion**

Because Plaintiff is seeking leave to modify the scheduling order in order to file a third

1

amended complaint, his motion must be considered under both Federal Rules of Civil Procedure[1] 15 and 16. A party seeking leave of court to amend a pleading, with implications for the schedule of a case, must first satisfy Rule 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir.1992). This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id*. at 609. Rule 16(b)'s good cause standard is not nearly as liberal as that for Rule 15 and focuses primarily on the diligence of the moving party, *id*., and the reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir.2011). If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

If the Court finds good cause to modify a scheduling order, the party next must satisfy Rule 15(a). *Cf. Johnson*, 975 F.2d at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987)). Rule 15(a)(2) states "[t]he court should freely give leave [to amend [a] pleading] when justice so requires," and the Ninth Circuit has repeatedly stressed that the standard for granting leave to amend is generous. *U.S. v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011); *see also Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051; *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001)(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)).

Five factors must be considered when assessing the propriety of leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether prior amendment has occurred. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

1  "Not all of the factors merit equal weight." *Eminence Capital,* 316 F.3d at 1052.  The

2  consideration of prejudice to the opposing party carries the greatest weight.  *Id., citing DCD*

3  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987).  Prejudice is the "touchstone of the

4  inquiry under rule 15(a)."  *Id.,* quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc*., 238 F.3d

5  363, 368 (5th Cir.2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating

6  that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833

7  F.2d at 186–87 (noting that party opposing amendment "bears the burden of showing prejudice").

8  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a

9  presumption under Rule 15(a) in favor of granting leave to amend."  *Id.,* citing *Lowrey v. Tex. A*

10 *& M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir.1997).

11  Plaintiff asserts that he is waiting for a ruling on his motion for leave to file the third

12 amended complaint as his first basis for an extension of time to file amended pleadings.  (Doc.

13 54.)  However, that motion was denied on September 29, 2015.  (Doc. 56.)  The only other basis

14 Plaintiff raises to support his motion is to make the third amended complaint "less vague" which

15 was raised in Defendant Choe's Answer.  (Doc. 54.)  Plaintiff filed his motion roughly two weeks

16 after Defendant Choe's Answer was filed asserting that Plaintiff's allegations are vague.  (*See*

17 Docs. 48, 54.)  This certainly meets the due diligence requirement of Rule 16.

18  Likewise, under Rule 15's requirements, it cannot be said that Plaintiff seeks leave to file a

19 third amended complaint in bad faith, or that he unduly delayed in presenting his request.

20 However, Plaintiff has twice been granted leave to amend his allegations (*see* Docs. 11, 13, 15,

21 16) and the applicable Discovery and Scheduling Order has twice previously been modified to

22 extend the date to amend pleadings (*see* Docs. 32, 43).  Any amendment to Plaintiff's pleading at

23 this time would be both futile and unnecessary since Plaintiff's allegations in the 2ndAC have

24 been found sufficient to state a cognizable claim against Defendant Choe (*see* Doc. 17) and all

25 that Plaintiff states as his basis for seeking modification of the applicable discovery and

26 scheduling order in this case is so that he might make his allegations against Defendant Choe less

27 vague.  As correctly pointed out by Defendants Barahas and Diaz, Plaintiff's allegations were

28 specific enough for Defendant Choe to draft and file an answer.  Any clarification that Defendant

3

Choe needs as to Plaintiff's "vague" allegations can be fleshed out in discovery. Further, Defendants Barahas and Diaz would be prejudiced if Plaintiff were allowed to file a third amended complaint at this point as they have shown that considerable effort has already been expended towards their defense via research, investigation, consultations, meetings, and discovery. Accordingly, Plaintiff's motion to modify the Discovery and Scheduling Order to be allowed to make his allegations against Defendant Choe less vague is **DENIED**.

### B. Defendant Choe's Motion

Resolution of Defendant Choe's motion to modify the Discovery and Scheduling Order under Rule 16(b)'s "good cause" standard focuses primarily on the diligence of the moving party, *Johnson*, 975 F.2d at 608-09, and the reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir.2011). Failure to show due diligence ends the inquiry and results in denial. *Zivkovic*, 302 F.3d at 1087.

Defendant Choe filed her motion to modify the Discovery and Scheduling Order less than a month after she appeared in this action (*see* Docs. 48, 55) -- at a time when Plaintiff was attempting to file the third amended complaint, that Defendants Barahas and Diaz were attempting to strike (*see* Docs. 44, 47, 48, 50). The order striking Plaintiff's third amended complaint and denying his subsequent request to be allowed to file the third amended complaint issued a few days after Defendant Choe filed her motion to modify the Discovery and Scheduling Order. (*See* Docs. 55, 56.) Thus, it cannot be said that Defendant Choe did not exercise due diligence in requesting the modification. Accordingly, Defendant Choe's motion to modify the Discovery and Scheduling Order is **GRANTED**.

### III. Conclusion

The Court finds that the predominance of factors do not weigh in favor of granting Plaintiff's motion to modify the Discovery and Scheduling Order to extend the time for amending pleadings, but do weigh in favor of granting Defendant Choe's motion to modify to extend both the deadlines for discovery cut-off and filing of dispositive motions. Based on the above, the Court **ORDERS**:

1. The motion by Plaintiff to modify the Discovery and Scheduling Order in this case

to extend the deadline to amend pleadings, filed on September 25, 2015 (Doc. 54), is **DENIED**; and

2. The motion by Defendant Choe to modify the Discovery and Scheduling Order to extend the deadlines for discovery cut-off and filing of dispositive motions, filed on September 25, 2015 (Doc. 55), is **GRANTED**.[2]

IT IS SO ORDERED.

Dated:   **October 29, 2015**              /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] For the sake of clarity, a Third Amended Discovery and Scheduling Order will issue separately.