1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| MICHAEL NEIL JACOBSEN, | **Case No.  1:14-cv-00108-JLT (PC)** |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | **(Doc. 53)** |
| Defendant. | **30-DAY DEADLINE** |

11
12
13
14
15
16

17    In this action, Plaintiff is proceeding on claims of:  (1) excessive force and deliberate

18 indifference to his serious medical needs in violation of the Eight Amendment, violation of

19 Plaintiff's right of access to the courts, and retaliation in violation of the First Amendment against

20 Sergeant Diaz; (2) excessive force in violation of the Eight Amendment and retaliation in

21 violation of the First Amendment against Officer Barahas; and (3) deliberate indifference to his

22 serious medical needs in violation of the Eight Amendment against Nurse Monica.  (Doc. 17.)

23    On September 17, 2015, Plaintiff filed a motion to compel Defendants Diaz and Barahas

24 ("Defendants")[1] to produce for inspection and copying a number of items in response to

25 Plaintiff's requests for production.  (Doc. 53.)  Defendants filed an opposition (Doc. 58) to which

26 Plaintiff replied (Doc. 63).  The motion is deemed submitted.  L.R. 230(l).  Plaintiff's motion is

27

28

---

[1] Plaintiff has not moved to compel further responses from Defendant Nurse Monica Choe.

1

1    **GRANTED IN PART** and **DENIED IN PART** as delineated herein below.

2    **I. Motion to Compel Production of Documents**

3          Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request

4    to produce "any designated documents . . . which are in the possession, custody or control of the

5    party upon whom the request is served." Fed. R. Civ. P. 34(a).   Documents are in the

6    "possession, custody, or control" of the served party if "the party has actual possession, custody,

7    or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co*., 61

8    F.3d 465, 469 (6th Cir.1995).  Accordingly, a party may be required to produce documents turned

9    over to an agent, such as its attorney or insurer. *E.g., Henderson v. Zurn Indus*., 131 F.R.D. 560,

10   567 (S.D. Ind.1990).  Further, the responding party has a duty to supplement any responses if the

11   information sought is later obtained, or the response provided needs correction.  Fed. R. Civ. P.

12   26(e).

13         If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden, in a

14   motion to compel, to demonstrate why the objection is not justified.  In general, Plaintiff must

15   inform the Court which discovery requests are the subject of his motion to compel, and, for each

16   disputed response, inform the Court why the information sought is relevant, and why Defendants'

17   objections are not justified.

18         Plaintiff's motion to compel is deficient as it merely identifies the documents/items which

19   he desires be produced, without submitting either his original requests or Defendants'

20   responses/objections to each verbatim.  Plaintiff merely states categories of documents/items that

21   he desires be produced and generally states that the responding production was deficient and/or

22   his disagreement with Defendants' reasons for their lack of production.  (Doc. 53.)

23         Plaintiff's motion does not address which discovery requests, in which set of his requests

24   for production, are the subject of his motion to compel; nor does he inform the Court why the

25   information sought is relevant and why Defendants' objections are not justified.  However,

26   Defendants have addressed each of the seven categories of items which Plaintiff seeks they be

27   compelled to produce.  (Doc. 58.)  In the interest of conserving the Court's limited resources, and

28   given both Defendants' opposing efforts and the extent of discovery apparently being conducted

1  in this case, the Court opts to reach the merits of Plaintiff's motion to compel, rather than deny

2  the motion without prejudice to refiling.  Defendants shall serve on Plaintiff copies of any

3  responsive documents ordered produced herein within 30 days from the date of service of this

4  order.

5  **II.  Limit of 25 Requests for Production**

6  As a preliminary matter, Defendants raise an argument that Plaintiff exceeded the limit to

7  25 requests for production imposed by the Discovery and Scheduling Order(s) in this action.

8  (Doc. 58, 1:23-3:5.)  Defendants argue that every subpart of each of Plaintiff's written contacts

9  regarding his requests for production should be counted as individual requests for production.  To

10  this end, they argue that Plaintiff has propounded 41 requests for production in 6 numbered and

11  unnumbered sets.  (*Id.*, at 1:26-2:3.)  However, when the documents that Defendants characterize

12  as individual sets of requests for production are scrutinized, it is clear that a number of the

13  subparts in Plaintiff's documents address and clarify various of his prior requests in an attempt to

14  obtain the correct/responsive documents/items.

15  Specifically, Plaintiff's first set of requests for production, dated December 14, 2014,

16  contains ten requests (*id.,* at p. 18); Plaintiff's letter of February 18, 2015, though titled "2nd

17  informal request for production of documents," is Plaintiff's lay attempt to meet and confer to

18  clarify his requests in order to obtain full production in response to requests #1, #10, and #4 in Set

19  #1 (*id.*, at pp. 28-29); Plaintiff's letter of April 14, 2014 advised why he was having difficulty

20  responding to Defendants' propounded production requests and, at the very end, further clarified

21  his requests #1 and #10 in Set #1and ended with one new request for production (*id.*, at p. 41);

22  Plaintiff propounded his second set of requests for production on May 14, 2015 and it contained 5

23  new requests for production (*id.*, at pp. 45-46); Plaintiff's correspondence of May 25, 2015

24  contained 4 new requests for production (*id.*, at pp. 48-49); and as to Plaintiff's correspondence of

25  July 9, 2015 -- (1) addressed deficiencies in Defendants' production in response to his #2 request

26  for production in Set #2 (*id.*, at p. 56), (2) contained 3 new requests (subparts (B), (C), and (D) to

27  question #2 were new while #1 pertains to request #2 of Set #2, subpart (A) of #2 pertains to #4

28  of Set #1, and subpart (E) clarified a request mentioned in his February 18th letter which related

1    back to #4 of Set #1 (*id.*, at pp. 56-57), (3) addressed Defendants' objections in response to his #2

2    request for production in Set #3 (*id.*, at pp. 57-58), (4) addressed deficiencies in Defendants'

3    production in response to his #3 request for production in Set #3 (*id.*, at p. 58), request #10 from

4    Set #1 (*id.*, at p. 59, (1)), request #1 from Set 1 (*id.*, at p. 59 (2)), contained 2 new requests (*id.*, at

5    p. 59 (3) which should be broken into 2 individual requests), and addressed request #5 of Set #1

6    (*id.*, at p. 61).

7         This process of discovery is convoluted evolution, but, once unwound, it is apparent that

8    Plaintiff has served 25 individual requests for production -- not 41 as asserted by Defendants.

9    Though Plaintiff's efforts to meet and confer to clarify his requests for production were far from

10   perfect, they do not count as wholly new requests.  Thus, Plaintiff has not exceeded the number of

11   requests for production allowed in this case. (*See* Docs. 24, 34, 43, 62.)  Accordingly, all of

12   Defendants' objections that Plaintiff has exceeded the number of requests for production allowed

13   in this case are **OVERRULED**.  However, because Plaintiff has served 25 requests for

14   production on these Defendants, he may not serve any further requests.

15   **III.  Plaintiff's Requests for Production**

16        Plaintiff's motion is addressed by the 7 general categories of requests for production

17   which Plaintiff he raises.

18        **Plaintiff's Request:**

19        Medical record and the medical request being responded to by Nurse
          Monica.  (April 25th 2014).  (Doc. 53, 1:19-25.)
20

21        **Argument:**  Plaintiff asserts that this was not included in the exhibit sent to him on

22   February 5, 2015 in response to his request for "all medical records from F.C.J. until I was

23   transferred." (*Id.*)  Defendants responded to request #1 of Plaintiff's Set #1 request by indicating

24   that a copy of his medical chart maintained at the Fresno County Jail would be produced.  (Doc.

25   58, p. 22.)   In his reply, Plaintiff argues that these records should have been produced as part of

26   his medical record which he requested in Set #1.  The request for medical care that Plaintiff

27   submitted upon which Nurse Monica saw him should logically be part of Plaintiff's complete

28   medical chart maintained at the Fresno County Jail that Defendants supposedly produced.

4

1   However, even if such is not the practice at the Fresno County Jail, Plaintiff's subsequent request

2   for "any and all documents relating to the 4/25/14 visit [Nurse Monica] pulled me out for,

3   including the medical slip" clearly requested these materials and, as previously discussed, was

4   within the 25 requests that Plaintiff was allowed to propound.

5          **Ruling:**  Plaintiff's requests relating to Nurse Monica in his July 9th correspondence do

6   not exceed the 25 limit.  Thus, Plaintiff's motion to compel further production from Defendants

7   Diaz and Barahas as to the medical record, his request to which Nurse Monica responded on April

8   25, 2014, and all documents relating to that visit is **GRANTED**.

9          **Plaintiff's Request:**

10              A copy of the letter that officers took to my sentencing judge (Judge
                Vogt) one week before my sentencing date telling him that I had
11              wrote it.  (April 25, 2014).

12         **Argument:**  In his motion, Plaintiff merely lists this as a request for which he seeks to

13   compel further production.  (Doc. 53, pp. 1-2.)  This is #7 in Set #1 to which Defendants objected

14   as vague as to the identity of the officer and that it sought documents contained in files

15   maintained by the Fresno County Superior Court.  (Doc. 58, p. 24.)  Defendants argue that they

16   are not in possession, custody, or control of any such document.  (*Id.*, 3:21-4:5.)  Plaintiff replied

17   that "another F.C.J. Officer told" him that any such contact has to be documented, but that there is

18   nothing in their computer documenting it, and that a copy of the letter should also have been

19   retained by the Fresno County Jail.  (Doc. 63, p. 3.)  However, Plaintiff's assertion that someone

20   told him this is insufficient to prove that Defendants are not producing an item within their

21   possession, custody, or control.

22         **Ruling:**  Defendants are only required to produce items within their possession, custody,

23   or control.  Fed. R. Civ. P. 34.  Defendants are not required to obtain an item from a non-party in

24   response to Plaintiff's request for production.  Plaintiff's motion to compel further production

25   from Defendants as to the letter which his sentencing judge (Judge Vogt) relied on is **DENIED**.

26         **Plaintiff's Request:**

27              The videos taken from the 2 assaults of 12/25/13 and 3/11/14 which
                both occurred on main jail 4th floor of the F.C.J. in the exact same
28              spot, right in front of a camera.

1   **Argument:**  In his motion, Plaintiff merely lists this as a request for which he seeks to

2   compel further production.  (Doc. 53, p. 2.)  Plaintiff requested these videos in #10 of Set #1.

3   (Doc. 58, p. 18.)  Defendants' initial response indicated they were unaware of the existence of

4   any such videos, but that discovery was continuing.  (*Id.*, at pp. 24-25.)  When Plaintiff followed

5   up that he wanted copies of the videos (*id.*, at p. 28), Defendants responded that the videos were

6   not available for production (*id.*, at p. 32).  Thus, Plaintiff followed up again and this time

7   inquired as to how he could view the videos since they could not be produced.  (*Id.*, at p. 41.)

8   Defense counsel's responding correspondence indicated that he was not aware of any video from

9   those dates that "can be produced."  (*Id.*, at p. 43.)  Plaintiff thereafter attempted one last time to

10  obtain and/or view the videos from these two incidents (*id.*, at p. 59) to which Defendants

11  responded that they had conducted a reasonably diligent investigation with a result that they were

12  not aware of the existence of any video from the incidents described in this request (*id.*, at p. 68).

13  **Ruling:**  Though belabored and belated in coming[2], Defendants conducted the diligent

14  investigation that was required to confirm that video from the incidents that Plaintiff seeks do not

15  exist.  Defendants cannot be compelled to produce that which does not exist.  Thus, Plaintiff's

16  motion to compel production of videos from the assaults that occurred on 12.25.13 and 3/11/14 is

17  **DENIED**.

18  **Plaintiff's Request:**

19  All photographs that should have been included in the jail incident
    reports of his injuries on 12/25/13, 1/27/14, and 3/11/14.  Photos
20  were taken on all 3 dates, yet only 3 of 6 taken on 12/25/14 were
    produced and none were produced from the incidents on 1/27/14
21  and 3/11/14.

22  **Argument:**  In his motion, Plaintiff merely lists this as a request for which he seeks to

23  compel further production.  (Doc. 53, p. 2.)  Plaintiff requested a copy of his medical record in #1

24  of Set #1 which he clarified should have included photographs taken in the medical clinic when

25  he received treatment for his injuries from the incidents.  (Doc. 58, at pp. 18, 28.)  Defense

26  counsel responded by indicating that he was producing the photographs Plaintiff sought.  (*Id.*, at

27  ─────────────────────
    [2] The Court is at a loss to understand why, if the videos didn't exist, why, at the outset, Defendants did not state this
28  in clear terms.

1    p. 32.)  However, Plaintiff followed up and indicated that he had not been provided the photos

2    from the 12/25/13 and 3/11/14 incidents (*id.*, at p. 41) to which defense counsel responded he had

3    produced all photos that the jail had provided to him (*id.*, at p. 43).  When new defense counsel

4    came on the case, Plaintiff again attempted to obtain full production of the photos of his injury, to

5    which Defendants responded that Plaintiff had exceeded the 25 requests allowed.  (*Id.*, at pp. 59,

6    68.)

7         **Ruling:**  Indicating that counsel has provided all items that a client's employer gave them,

8    and thereafter refusing to respond does not indicate a reasonably diligent investigation has been

9    conducted and that all discoverable items have been produced.  Plaintiff's motion to compel

10   Defendants to produce all photographs taken of his injuries sustained in the incidents that

11   occurred on 12/25/13, 1/27/14, and 3/11/14 would be granted.  However, Defendants indicate in

12   their opposition that they withdraw their objection as mistakenly made and provided Plaintiff with

13   all photographs taken from the 12/25/13, 1/27/13, and 3/11/14 incidents on the date they filed

14   their opposition.  However, in his reply, while Plaintiff acknowledges receipt of a few

15   photographs after he filed his motion to compel, he recalls more photographs being taken of him

16   than the 9 that were produced.  Specifically, from the 12/25/13 incident, Plaintiff recalls two more

17   photographs of his right eye and one of a boot print on his back from being kicked that have not

18   been produced.  Thus, Plaintiff's motion to compel production of photographs of his injuries from

19   these three incidents is **GRANTED**.  Defendants are ordered to conduct a diligent investigation to

20   locate any and all photographs that have not been produced to Plaintiff.  If their investigation is

21   fruitless, they are to produce a declaration delineating their efforts to locate the photographs.

22   **Plaintiff's Request:**

23        The F.C.J. officers policies for the following:  (a) when asked to
          speak to a supervisor; (b) the proper or designated location to
24        conduct a rule violation hearing; (c) the policy for preservation of
          video of incidents or crimes committed in the F.C.J; (d) the policy
25        for when an inmate complains to officers of injuries or serious
          medical conditions; (e) the policy for when an officer speaks to a
26        judge on behalf of an inmate.

27        **Argument & Ruling:**  In his motion, Plaintiff merely lists this as a request for which he

28   seeks to compel further production.  (Doc. 53, p. 2.)  Defendants accurately responded to the

1    above as five separate requests because they seek five different policies.  (Doc. 58, 5:12-7:9, pp.

2    64-69.)

3        As to Plaintiff's request for the policy regarding when someone asked to speak to a

4    supervisor, Defendants initially responded that, following a reasonably diligent investigation, they

5    had not located any documents responsive to this request.  (Doc. 58, p. 65.)  In their opposition,

6    Defendants reassert that they do not have any such documents in their possession, custody, or

7    control.  (*Id.*, at 5:19-26.)  Plaintiff fails to show what about Defendants' response is inaccurate or

8    insufficient.  Defendants cannot be compelled to produce that which they do not have in their

9    possession, custody, or control.  Plaintiff's motion to compel production of a policy responsive to

10   this request is **DENIED**.

11       As to Plaintiff's request for the policy on the proper or designated location to conduct a

12   rule violation hearing, Defendants produced the Fresno County Jail Inmate Discipline policy (E-

13   230) which they represent is the only document located which is responsive to Plaintiff's request.

14   (*Id.*, at 5:27-6:7.)  Plaintiff fails to show what about Defendants' response is inaccurate or

15   insufficient.  Defendants cannot be compelled to produce more than that which they have in their

16   possession, custody, or control.  Plaintiff's motion to compel production of a policy responsive to

17   this request is **DENIED**.

18       As to Plaintiff's request for the policy reagrding preservation of video of incidents or

19   crimes committed in the F.C.J., Defendants responded that they conducted a reasonably diligent

20   investigation and did not locate any documents edifying a policy responsive to this request.  (*Id.*,

21   at 6:8-15.)  Plaintiff fails to show what about Defendants' response is inaccurate or insufficient.

22   Defendants cannot be compelled to produce that which they do not have in their possession,

23   custody, or control.  Plaintiff's motion to compel production of a policy responsive to this request

24   is **DENIED**.

25       As to Plaintiff's request for the policy for when an inmate complains to officers of injuries

26   or serious medical conditions, Defendants responded by producing a copy of the Fresno County

27   Jail Medical Health Services Policy.  (*Id.*, at 6:16-25.)  Plaintiff fails to show what about

28   Defendants' response is inaccurate or insufficient.  Defendants cannot be compelled to produce

1    that which they do not have in their possession, custody, or control.  Plaintiff's motion to compel

2    production of a policy responsive to this request is **DENIED**.

3            As to Plaintiff's request for the policy pertaining to instances when an officer speaks to a

4    judge on behalf of an inmate, Defendants objected that Plaintiff had exceeded the 25 requests that

5    he is allowed to make of them in this case and that it was duplicative of a prior request.  (*Id.*, at

6    6:26-7:9.)  Defendants have not shown that they conducted a reasonably diligent investigation

7    which came up fruitless, nor have they shown that no such policy exists.  Thus, Plaintiff's motion

8    to compel production of a policy responsive to this request is **GRANTED**.

9            **Plaintiff's Request:**

10               Work records of Nurse Monica (credentials and dates of employment)
                 at the F.C.J. Nurse Monica is the 3rd Defendant.  Provide full name.
11

12           **Argument & Ruling:**  In his motion, Plaintiff merely lists this as a request for which he

13   seeks to compel further production.  (Doc. 53, p. 2.)  Defendants responded that Plaintiff had

14   exceeded the 25 requests for production that he was allowed in this action.  (Doc. 58, 7:10-23.)

15   While, as discussed above, this objection has been **OVERRULED**, in his reply, Plaintiff

16   essentially withdrew this part of the motion indicating that, since Nurse Monica has appeared in

17   this action, he will attempt to obtain the documents he desires via her attorney of record.  (Doc.

18   63, p. 7.) Thus, the request is **WITHDRAWN**.

19           **Plaintiff's Request:**

20           Photographs of the correctional officers and nurses at Fresno County Jail.

21           **Argument & Ruling:**  Plaintiff also withdrew this portion of his motion in his reply.

22   (Doc. 63, p. 7.)

23                                            **ORDER**

24           Based upon the foregoing, the Court **ORDERS**:

25           (1)  Plaintiff's motion to compel further production of documents, filed on September 17,

26   2015 (Doc. 53), is **GRANTED** and **DENIED** as discussed in detail in this order; and

27   ///

28   ///

1        (2)  all further responses as ordered herein are to be served on Plaintiff **within 30 days** of

2    the date of service of this order.

3

4    IT IS SO ORDERED.

5        Dated:    __**December 9, 2015**__                    ___**/s/ Jennifer L. Thurston**___
                                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28