# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00108-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ORDER FRESNO POLICE DEPARTMENT TO RETURN HIS BACKPACK FOR LACK OF JURISDICTION**<br><br>**(Doc.82)** |

Plaintiff is proceeding in this civil rights action pursuant to 42 U.S.C. § 1983 on claims of excessive force, deliberate indifference to his serious medical needs, and retaliation on events that occurred while he was in custody at the Fresno County Jail. On October 18, 2016, Plaintiff filed a motion seeking an order directing the Fresno Police Department (FPD) to transport a backpack that he had with him when he was arrested, to the Fresno County Jail (FCJ) as it contains his documents for this action and to order that, for any future arrests, it be booked with him as "bulk property" at the FCJ. (Doc. 82.)

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454

1

U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Regardless, the pendency of this action does not give the Court jurisdiction over the FPD, or over where or how Plaintiff's property is booked/stored when he is arrested.  *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding.  *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek the temporary restraining order and/or preliminary injunction against any of the Defendants in this action.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Thus, Plaintiff's motion must be denied for lack of jurisdiction over the FPD.

The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum.  However, Plaintiff's statements that the FPD will destroy his backpack and its contents cannot and do not overcome what is a *jurisdictional* bar.  *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")  This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.

However, Fresno Police Chief and the Fresno County Sheriff are requested to look into the matter and, if at all possible, to facilitate Plaintiff's access to his backpack and materials

contained in it to allow Plaintiff to complete and file responses as required in this action.[1]

Accordingly, the Court **ORDERS** that Plaintiff's motion for injunctive relief, filed October 18, 2016 (Doc. 82), is **DENIED** for lack of jurisdiction.  However, the Clerk's Office is directed to forward a copy of this order and Plaintiff's motion to the Fresno County Sheriff's Office and the Fresno Police Department that they might take any possible efforts to facilitate Plaintiff's access to his property as necessary to prosecute this action.

IT IS SO ORDERED.

Dated:     **December 22, 2016**              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of the Fresno Police and County officials.

3