1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL NEIL JACOBSEN,                 | **Case No.  1:14-cv-00108-JLT (PC)**

12              Plaintiff,                   | **ORDER GRANTING DEFENDANT'S MOTION
                                             | TO COMPEL PLAINTIFF'S DEPOSITION;**
13        v.                                 | **DISREGARDING DEFENDANT'S MOTION TO
                                             | COMPEL FURTHER RESPONSES TO**
14   PEOPLE OF THE STATE OF                  | **INTERROGATORIES AS MOOT; DENYING
     CALIFORNIA,                             | DEFENDANT'S REQUEST FOR SANCTIONS;**
15                                           | **DENYING DEFENDANT'S MOTION TO
              Defendant.                     | ENFORCE COURT ORDER; DENYING**
16                                           | **DEFENDANT'S MOTION FOR DISMISSAL; and
                                             | GRANTING DEFENDANT'S MOTION TO**
17                                           | **MODIFY THE SCHEDULING ORDER**

18                                           | **(Docs. 70, 75, 81)**

19                                           | **Discovery Deadline:  May 22, 2017**
                                             | **Dispositive Motion Deadline: June 22, 2017**
20

21                              **INTRODUCTION**

22        On May 26, 2016, Defendant Nurse Monica Choe[1] filed a motion to compel Plaintiff's

23   appearance for deposition and to produce further responses to numbers 6, 8, 9, 11, and 25 of Set

24   One of her Special Interrogatories.  (Doc. 70.)  Because Defendant presented evidence of an

25   inability to reach Plaintiff, on June 3, 2016, the Court ordered Plaintiff to file an opposition or

26   statement of non-opposition to Defendant's motion within 21 days indicating that his failure to

27   ──────────────
          [1] Though there are other Defendants in this action, Defendant Choe filed this motion and is thus referred to as
28   "Defendant" throughout.  Reference to any of the other Defendants in this action shall so indicate.

                                          1

respond would result in dismissal.  (Doc. 73.)  Plaintiff filed a notice on July 11, 2016 in which he did not address the inadequacies of his responses to special interrogatories, but indicated that because of his "living situation" he did not attend the deposition and indicated that he had contacted defense counsel who was unwilling to reschedule it.  (Doc. 74.)

Three days later, Defendant filed a motion requesting the Court enforce the June 3rd order and dismiss the action.  (Doc. 75.)  Plaintiff filed an opposition to Defendant's request to enforce the Court's order to which Defendant replied.  (Docs. 76, 77.)  Thereafter, Defendant filed a motion to dismiss, or in the alternative to modify the Fourth Amended Discovery and Scheduling Order.  (Doc. 81.)  Plaintiff filed a statement of non-opposition to modifying the Discovery and Scheduling order in which he included further responses to Defendant's special interrogatory numbers 6, 8, 9, 11, and 25 that Defendant sought in her motion to compel.[2]  (Doc. 82.)  Just recently, Plaintiff filed an opposition to Defendant's request for dismissal to which Defendant did not reply.  (Doc. 93.)  The motions are deemed submitted.  L.R. 230 (*l*).

## DEFENDANT'S MOTION TO COMPEL & FOR SANCTIONS

### A.  Plaintiff's Interrogatory Responses

Defendant shows that she served Plaintiff with her first set of special interrogatories on September 23, 2015.  (Doc. 70, p. 3, citing Martin Decl. ¶3.)  Plaintiff served his responses on October 28, 2015, which Defendant felt were deficient as to numbers 6, 8, 9, 11, and 25.  (*Id*. at ¶4.)  On February 18, 2016, defense counsel sent Plaintiff a letter attempting to meet and confer regarding the deficiencies in his interrogatory responses, to which Plaintiff did not respond.  (*Id.*, at ¶5, Exh. C, pp. 29-33.)

Parties are entitled to seek discovery of "any nonprivileged matter that is relevant to any party's claim or defense. . . ."  Fed. R. Civ. P. 26(b)(1).[3]  The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the

---

[2] In this document, Plaintiff requests that the Fresno Police Department be ordered to turn over his personal property that has been held as a "courtesy hold" which will be addressed by separate order along with other motions for injunctive relief that Plaintiff has recently filed.

[3] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

discovery of admissible evidence.  *Id.* The responding party is obligated to respond to the

interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be

stated with specificity, Fed. R. Civ. P. 33(b)(4).  The responding party shall use common sense

and reason, *e.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8

(D. Kan. Apr. 30, 2008), and hyper-technical, quibbling, or evasive objections will not be treated

with favor.

A responding party is not generally required to conduct extensive research in order to

answer an interrogatory, but a reasonable effort to respond must be made.  *L.H. v.

Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).

Further, the responding party has a duty to supplement any responses if the information sought is

later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e).

In general, Defendant must inform the Court which discovery requests are the subject of

her motion to compel and, for each disputed response, inform the Court why the information

sought is relevant and why Plaintiff's response is insufficient and/or objection is not justified.

*See Glass v. Beer,* No. 1:04-cv-05466-OWW-SMS, 2007 WL 913876, at *1 (E.D. Cal. Mar. 23,

2007), *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Singleton v. Hedgepath,*

No. 1:08-cv-00095-AWI, 2011 WL 1806515, at *4 (E.D. Cal. May 10, 2011); *Williams v. Adams*,

1:05-cv-00124-AWI-SMS (PC), 2009 WL 1220311, *1 (E.D. Cal. May 4, 2009).

Defendant moves to compel further responses from Plaintiff to special interrogatory

numbers 6, 8, 9, 11, and 25.  (Doc. 70.)  Number 6 asked for Plaintiff to list all health care

providers who have treated him during the 10 years prior to the incident at issue in this action;

Number 8, asked for the names and address of any hospital he was admitted to in that same time

frame; Number 9 asked for the last date that Plaintiff received any treatment from a health care

provider or hospital; Number 11 asked if Plaintiff to state the date, circumstances and type of any

accident or illness he had since the date of the incident at issue in this action; and 25 asked

Plaintiff to identify any health care providers who had informed him that Defendant fell below the

applicable degree of skill and care for his medical condition.  (Doc. 70, pp. 14, 15, 18.)  Plaintiff

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

responded "N/A" to Numbers 6, 8, 9, and 11 and answered Number 25 by stating, "I am still in the process of seeking a physician." (Doc. 70, pp. 23-25.)

Defendant states that interrogatories Numbers 6, 8, 9, 11, and 25 are related to Plaintiff's medical care and treatment which is the subject of Plaintiff's claims against her and that they are imperative to her discovery and evaluation of Plaintiff's claims.  As stated above, though Plaintiff filed a response to Defendant's motion to compel, it did not address the insufficiencies of his responses to Defendant's special interrogatories.

Plaintiff's claims against Defendant are based on the medical care she provided, or failed to provide, to him.  Clearly, Plaintiff's medical history is relevant to forming her defense and she is entitled to complete responses.

Defendant's attempts to obtain further responses from Plaintiff by both correspondence and telephone at both his mother's address and the Fresno County Jail have proved unfruitful. (Doc. 70, Exhs. C-D, pp.29-36, Exh. G, pp. 49-52.)  Plaintiff was informed at the inception of this case that he must keep the Court and opposing parties informed of his correct, current address and that failure to do so would be "grounds for imposition of sanctions which may include dismissal of the case." (Doc. 2, pp. 1, 5.)  However, Plaintiff quite obviously failed to do so as the Fresno County Jail has been Plaintiff's address of record in this action from January 15, 2016 to present -- which encompasses the time-frame at issue in Defendant's motion to compel.  However, during this timeframe, defense counsel twice received information from the FCJ that Plaintiff had been released and his mail was unable to be forwarded -- once in February of 2016 and once in May of 2016. (Doc. 70, Martin Decl. ¶ 13 & Exh. G, pp. 49-52.)

It is Plaintiff's duty to keep his address updated and current.  It is not Defendant's responsibility to track Plaintiff down when their mail to his address of record is returned since unable to be forwarded.  However, Plaintiff provided further responses special interrogatories numbered 6, 8, 9, 11, and 25, without objections, in his statement of non-opposition to Defendant's request to modify the scheduling order. (*See* Doc. 82, pp. 5-9.)  Thus, Defendant's motion to compel further interrogatory responses is **DISREGARDED** as moot.

**B.  Plaintiff's Deposition**

On February 18, 2016, Defendant sent correspondence to the FCJ attempting to schedule Plaintiff's deposition.  (Doc. 70, Exh. H, pp.57-61.)  Thereafter, Defendant received word from the FCJ that Plaintiff had been released.  (*Id.*, Martin Decl., ¶13.)  On March 14, 2016, Defendant sent Plaintiff a letter at his mother's address as and Plaintiff's last known post office box.  (*Id.*, at ¶6, Exh. D., pp. 34-36.)  In that letter, Defendant requested Plaintiff stipulate that his deposition be reopened[4] and he be deposed "without limitation, except those listed in the Federal Rules of Civil Procedure."  (*Id.*, p. 35.)  Defendant requested Plaintiff respond in writing if that was acceptable.  (*Id.*)  If not acceptable, Plaintiff was requested to respond as soon as possible so that a conference could be scheduled to meet in a "neutral place, such as a court reporter's office." (*Id.*, at ¶6, Exh. D., pp. 34-36.)

Plaintiff responded from the FCJ,  in a letter that Defendant received on March 24, 2016, indicating that an attorney could make an appointment to visit him at the FCJ at defense counsel's convenience and that Plaintiff wanted to discuss the scope of his deposition as well as "another issue."  (*Id.*, at ¶7, Exh. E, pp. 37-38.)  Plaintiff provided his mother's telephone number in case he was released before any such conference occurred and indicated that he did not "see a future deposition as a problem," but that he "would like to have a conference before hand to discuss the scope of said deposition."  (*Id.*)

On April 12, 2016, Defendant sent Plaintiff a letter at FJC attempting to meet and confer regarding his discovery responses and scheduling his deposition, but received it back on May 6, 2015, marked "RETURN TO SENDER - UNABLE TO FORWARD."  (Doc. 70, Martin Decl., ¶10, Exh G, pp. 49-56.)  On May 16, 2016, defense counsel called Plaintiff's mother who advised that Plaintiff was incarcerated.  (*Id.*, at ¶ 11.)

Since Plaintiff did not timely file an opposition, on June 3, 2016, the Court issued ordered Plaintiff to file an opposition or statement of non-opposition within 21 days.  (Doc. 73.)  As previously noted, Plaintiff filed a notice on July 11, 2016 which acknowledged that he did not

---

[4] Plaintiff was deposed by the other Defendants in this action prior to Defendant's appearance.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

attend the deposition, but explained that he failed to do so because he had not received the notice

scheduling it because of his living situation and that he was currently in custody.  (Doc. 74.)

Despite this, three days later, Defendant filed a request for enforcement of that order and for

dismissal with prejudice based on Plaintiff's failure to obey the June 3, 2016 order and failed to

prosecute the action.  (Doc. 75.)  Plaintiff filed an opposition to Defendant's request for dismissal

in which he requested a chance to respond to Defendant's motion to compel, explained his

circumstances, and requested that his deposition be rescheduled.  (Doc. 76.)

      In his opposition, Plaintiff submits a declaration stating that he did not receive

Defendant's motion to compel further interrogatory responses, nor did he receive the Court's

order that required him to file an opposition or statement of non-opposition.  (Doc. 76, p. 2.)

However, on June 13, 2016, his mother told him about the deposition and he immediately

telephoned and left a message for defense counsel explaining why he failed to appear and that he

was willing to reschedule it.  (*Id.*)  Plaintiff called defense counsel again a week later and left

another message.  (*Id.*)  The week thereafter, Plaintiff's mother told him that defense counsel had

returned his calls and they finally made contact on June 27, 2016.  (*Id.*)  In that conversation,

defense counsel refused to reschedule Plaintiff's deposition, but Plaintiff does not recall her

telling him that there was an outstanding court order as stated in her declaration.  (*Id.*)

      Plaintiff further states that, since his release from prison in December 2015, he has

suffered numerous hardships:  he was rendered homeless; he has been in and out of jail 5 or 6

times for violations of his probation; he was hit by a car which shattered his elbow, necessitating

2 elbow surgeries with concomitant week-long hospitalizations, over 6 weeks on I.V. antibiotics

(via 3, two-week-long intervals); and his friend's apartment, where he was staying, was

burglarized causing him to lose all of his belongings.  (*Id.*, p. 3.)  He is no longer allowed to live

in, or visit his mother's house and he has no telephone to be able to call her.  (*Id.*)  His mail was

frequently lost.  (*Id.*)  Plaintiff explained all of these hardships to defense counsel and that he

would be glad to respond to her requests.  (*Id.*)  Finally, Plaintiff states that he is currently in

custody at the FCJ, but that he has another appointment with the surgeon at Community Hospital

6

for possible surgery or other treatment.  (*Id.*, pp. 3-4.)  Plaintiff states that when he is released

from FCJ, he intends to secure a post office box so that he will be able to receive all of his mail in

the future and that, once secured, he will immediately notify the Court of that address.  (*Id.*, p. 4.)

In reply, Defendant asserts that it is not her fault that Plaintiff has not received documents

that were properly served on his stated address of record, nor is it her duty to track him for a case

which he filed.  (Doc. 77.)  Defendant argues that Plaintiff has made no effort to comply with the

Court's order to file an opposition or statement of non-opposition to their motion to compel.  (*Id.*)

However, Defendant fails to recognize that, though not specifically titled as an opposition to

Defendant's motion to compel and not addressing the sufficiency of his responses to Defendant's

special interrogatories, his opposition to her motion for enforcement contained details specific to

the issue of compelling his deposition.

Defendant asserts that Plaintiff did not provide a written response to her April 12, 2016

correspondence (Doc. 70, Martin Decl., ¶ 9) and, in a paragraph addressing defense counsel's

February 18, 2016 correspondence to the FCJ, asserts that Plaintiff has been non-responsive to

counsel's efforts to contact him, which, combined with having been in and out of jail, has made

scheduling his deposition, "impossible" (*id.*, at ¶13).  However, Defendant's own exhibits contain

Plaintiff's March 24, 2016 correspondence (*id.*, at p. 38) and Plaintiff submitted admissible

evidence that, when he was out of custody, he repeatedly called and left messages for defense

counsel (Doc. 76, p. 2).  On June 27, 2016, when they were finally able to discuss the issue,

Plaintiff offered, but defense counsel refused to reschedule Plaintiff's deposition.  (*Id.*)

Defendant requests that Plaintiff be ordered to appear at his deposition and for sanctions to be

imposed.  (Doc. 70, p. 6.)

Leave is now granted pursuant to Rule 30(a)(2)(A)(ii) for Defendant to depose Plaintiff.

Pursuant to Rule 30(a)(2)(B), at least 14 days prior to Plaintiff's deposition, Defendant shall serve

all parties with the notice required by Rule 30(b)(1).  (Doc. 72, 4th Amd. D&S O, ¶6.)  Given the

difficulties encountered by Defendant, the Court has ascertained that Plaintiff is in custody at the

FCJ and his release is currently set for March 6, 2017.[5]  Defendant shall coordinate with the Fresno County Sheriff's Office and schedule Plaintiff's deposition to take place prior to March 6, 2017 at the FCJ.  Defendant's notice of deposition shall include an alternative address of a neutral location such as a court reporter's office, within 5 miles of the Fresno Courthouse of this Court, where Plaintiff's deposition shall take place if he is released prior to March 6, 2017.  If Plaintiff is released prior to March 6, 2017, he shall attend his deposition at the alternative location on the date and at the time set.  **Failure to attend his deposition shall be grounds for dismissal with prejudice of all claims against Defendant.**  Pursuant to Rule 30(b)(4), Defendant may take Plaintiff's deposition via video conference without a further motion or order of the Court.  Defendant's deposition of Plaintiff may, but need not, encompass all areas upon which Plaintiff was previously deposed and that are relevant to Plaintiff's claims[6] in this action.

Though leave is granted for Defendant to depose Plaintiff, Defendant is not entitled to the costs incurred in preparing this motion absent violation of a prior court order on the issue, or Plaintiff's failure to attend his properly noticed[7] deposition, neither of which occurred here.  Fed. R. Civ. P. 37(b)(2)(C),(d)(3).  Further, Defendant's request for sanctions under Rule 37(d), (Doc. 70, 6:18-7:1), is misplaced since she secured neither a stipulation, nor leave of court to depose Plaintiff.  Fed. R. Civ. P. 30(a)(2)(A)(ii).

Accordingly, while Defendant's motion for leave to depose Plaintiff under Rule 30 is **GRANTED**, her request for sanctions in the amount of $875.00 is **DENIED**.

## DEFENDANT'S MOTION TO ENFORCE COURT'S ORDER

On July 14, 2016, Defendant filed a motion seeking dismissal of the action based on

---

[5] The Fresno County Sheriff's Office website reflects the terms of under which Plaintiff is being held as well as Plaintiff's release date.  *See* http://www.fresnosheriff.org/units/records/inmate-search.html.  This website also indicates that many in custody make bail and are released earlier than scheduled.

[6] Plaintiff's claims against Defendant have placed his medical conditions in issue in this action and Defendant my question Plaintiff thereon and he is not entitled to a conference with defense counsel before-hand to discuss the scope of the deposition.

[7] Notably, while Defendant has attempted various forms of correspondence, she submits no evidence of serving notice of a deposition under Rule 30.  Merely sending correspondence asking to schedule it, to the FCJ and/or Plaintiff's last known private address of record, does not suffice as proper notice upon which to impose sanctions.

Plaintiff's failure to appear for deposition and to comply with this Court's order of June 3, 2016, to file an opposition or statement of non-opposition to Defendant's motion to compel on or before June 24, 2016.  (Doc. 75.)  As discussed above, Defendant neither obtained a stipulation, nor leave of Court to depose Plaintiff.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  Thus, for the reasons previously discussed, his non-appearance does not provide basis for sanctions -- terminating or otherwise.  Further, though tardy, Plaintiff did file an opposition (both to Defendant's motion to compel and motion to enforce, and subsequently provided further responses to Defendant's special interrogatories) to which Defendant replied.  The circumstances described in Plaintiff's opposition provide good cause to excuse his failure to timely file an opposition or statement of non-opposition to Defendant's motion to compel and upon which his opposition has been considered herein.  Though Plaintiff's opposition has been considered, he did not provide basis for further extension of time to "respond to motion to compel" that he requested, as he could and should have included his full response in his opposition.  However, Defendant's motion to compel was rendered moot by the further responses Plaintiff provided to Defendant's special interrogatories.

Thus, since Plaintiff's opposition shows good cause for his delay, Defendant's motion to enforce the Court's order of June 3, 2016 for dismissal of this action with prejudice is **DENIED**.

## DEFENDANT'S MOTION TO DISMISS OR MODIFY THE SCHEDULING ORDER

Defendant filed her motion to dismiss, or in the alternative to modify the Fourth Amended Discovery and Scheduling Order based on Plaintiff's failure to obey the Court's order to file an opposition or statement of non-opposition to her motion to compel which was just previously addressed and denied.  The only new basis that Defendant provides for this motion is that the Court should exercise its inherent powers under Rule 41 to dismiss the action because of Plaintiff's failure to prosecute.  (Doc. 81-1, pp. 3-4.)

### A.    Inherent Power

"It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which … are necessary to the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks and citation omitted). "For this reason, Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence and submission to their lawful mandates." *Chambers*, 501 U.S. at 43 (internal quotation marks and citation omitted). Inherent powers are properly exercised to "protect[ ] the due and orderly administration of justice and maintain[ ] the authority and dignity of the court." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir.1997) (internal quotation marks omitted). However, because of their very potency, inherent powers must be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44.

Sanctions may be imposed under a court's inherent authority on "parties appearing before [them] for acting in bad faith, vexatiously, wantonly, or for oppressive reasons," *Sassower v. Field*, 973 F.2d 75, 81-82 (2d Cir. 1992), *cert. denied*, 507 U.S. 1043 (1993), as well as for delaying or disrupting litigation, or for taking actions in the litigation for an improper purpose -- all of which are abusive of the judicial process, *Chambers,* 501 U.S. at 43-45. The litigant to be sanctioned must have engaged either "in bad faith or willful disobedience of a court's order," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991), or conduct which constitutes, or is tantamount to, bad faith, *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767 (1980); *Miller v. City of Los Angeles,* 661 F.3d 1024, 1036 (9th Cir. 2011); *Gomez v. Vernon,* 255 F.3d 1118, 1134 (9th Cir. 2001), *cert. denied*, 534 U.S. 1066 (2001); *Fink v. Gomez,* 239 F.3d 989, 993-94 (9th Cir. 2001).

"Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Chambers,* 501 U.S. at 45-46. Bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar assessment of attorneys' fees." *Mark Ind., Ltd. v. Sea Captain's Choice, Inc*., 50 F.3d 730, 732 (9th Cir. 1995) (internal quotation marks and citations omitted). Sanctions, then, are justified "when a party acts for an improper purpose -- even if the act consists of making a truthful statement or a

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

non-frivolous argument or objection." *Fink v. Gomez,* 239 F.3d 989 (9th Cir. 2001).  Whether

termed "willful misconduct" or conduct "tantamount to bad faith," such sanctionable conduct is

"something more egregious than mere negligence or recklessness."  *In re Lehtinen*, 564 F.3d

1052, 1058 (9th Cir. 2009) (quoting *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003)).  However,

recklessness combined with an additional factor such as frivolousness, harassment, or an

improper purpose, also supports sanctions under the court's inherent authority.  *See Fink,* 239

F.3d at 994.

Though Plaintiff was undoubtedly negligent or reckless, Defendants provide no evidence

of actions tantamount to bad faith or in willful disobedience by Plaintiff and the Court finds none

upon which to justify dismissal under its inherent powers.

**B.      Federal Rule of Civil Procedure 41(b)**

This Court also has the authority to sanction litigants who fail to comply with its orders.

Specifically, Rule 41(b) authorizes courts to dismiss an action for failure to comply with its

orders.  Fed. R. Civ. P.  41(b).  In addition, pursuant to the Court's Local Rules, this Court has the

authority to impose any appropriate sanction to curtail abusive litigation tactics.  *See* E.D. Cal.

L.R. 110 ("Failure of counsel, or of a party to comply with these Rules or with any order of the

Court may be grounds for imposition by the Court of any and all sanctions authorized by statute

or Rule or within the inherent power of the Court."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

1995) ("Failure to follow a district court's local rules is a proper ground for dismissal"), *cert.

denied*, 516 U.S. 838 (1995); *Delange v. Dutra Constr. Co., Inc.,* 183 F.3d 916, 919 n. 2 (9th

Cir.1999) (per curiam) (district courts enjoy "broad discretion in interpreting and applying their

local rules").  Individuals proceeding *pro se* are bound by the Court's Local Rules just the same

as licensed attorneys.  *See* E.D. Cal. L.R. 183 ("Any individual representing himself or herself

without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules,

and all other applicable law.  All obligations placed on "counsel" by these Rules apply to

individuals appearing in *propria persona*.").

Defendant asserts that Plaintiff's claims against her should be dismissed under Rule 41(b)

because Plaintiff failed prosecute this action by not to complying with the June 3, 2016 order to

file an opposition or statement of non-opposition to Defendant's motion to compel within 21 days

of its issuance. (Doc. 81-1, pp. 3-4.)  Defendant fails to acknowledge or in any way address

whether Plaintiff's hardships provide basis for excuse under Rule 60(b)(1) or (6).

The Ninth Circuit has held that relief may be granted under Rule 60(b)(6) from a Rule

41(b) dismissal for failure to prosecute and failure to obey court orders.  *See Lal v. California*,

610 F.3d 518, 524-27 (9th Cir.2010).  In ordering a Rule 41 dismissal be set aside, the Ninth

Circuit determined the following:

> A dismissal for failure to prosecute under Rule 41(b) is much more like a default
> judgment than a Rule 68 judgment.  We based our decision in *Tani* on the well-
> established policy considerations we have recognized as underlying default
> judgments and Rule 60(b).  The same policy considerations underlie dismissal for
> failure to prosecute.  We have stated that dismissal under Rule 41(b) is so harsh a
> penalty it should be imposed as a sanction only in extreme circumstances.  This is
> almost identical to our stance on default judgments, which are appropriate only in
> extreme circumstances.

*Id*. (citations and quotation marks omitted).  The court considered the harsh policy implications of

both default judgments and Rule 41(b) dismissals for failure to prosecute, finding that judgments

arising under these circumstances could be properly set aside pursuant to Rule 60(b)(6) due to an

attorney's *gross* negligence.  Certainly, relief is even more appropriate for a *pro se* plaintiff who,

between December of 2015 and July of 2016, endured the hardships of variously being homeless,

in and out of county jail, being hit by a car that shattered his elbow, 2 separate week-long

hospitalizations, 2 elbow surgeries, over 6 weeks on intravenous antibiotics (via 3 2-week-long

courses), and having their personal belongings stolen from a friend's residence. (*See* Doc. 76, p.

3.)  This scenario of hardships would likely justify relief for an attorney, trained in the law who

missed complying with a court order, let alone a *pro se* Plaintiff.

Rule 60(b)(1) also allows the Court to set aside a judgment based on mistake,

inadvertence, or excusable neglect.  Excusable neglect "encompasses both simple, faultless

omissions to act and, more commonly, omissions caused by carelessness."  *Pioneer Inv. Servs.*

*Co. v. Brunswick Assocs*., 507 U.S. 380, 388 (1993).  Rule 60(b)(1) does not excuse ignorance,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

carelessness, or inexcusable neglect for mistakes of law -- which did not occur here. *See Latshaw v. Trainer Wortham & Co., Inc*., 452 F.3d 1097, 1100-01 (9th Cir.2006) (declining to grant relief from judgment based upon alleged attorney-based mistakes of law, inexcusable neglect, and noting that "this includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct").

The determination as to whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993).  A proper analysis includes the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within Plaintiff's reasonable control, and whether Plaintiff acted in good faith. *Id.*, at 395.  Here, the danger of prejudice to Defendant and the length of the delay and its potential impact on judicial proceedings is low as Defendant has only been a party to this action for a little over a year, and (as noted below) all applicable deadlines are being extended to allow her to conduct discovery and adequately prepare her defense.  Additionally Plaintiff both provided the further responses to special interrogatories that Defendant sought and offered that she could reschedule his deposition.  The hardships that caused and/or contributed to Plaintiff's delay in both responding to Defendant's motion to compel and complying with the Court's June 3, 2016 order have been previously delineated and were not inconsequential.  There is no evidence upon which to find that Plaintiff did not act in good faith as to the discovery issue Defendant raises.  Weighing the factors and given the underlying equitable aspect of this determination, the Court finds that Plaintiff's failure to comply with the June 3, 2016 order amounts to no more than excusable neglect.

Further, even without the other provisions, the catch-all provision Rule 60(b)(6) would save Plaintiff from dismissal as it allows a court grant relief from a final judgment, order, or proceeding for "any other reason that justifies relief."  Rule 60(b)(6) is to be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

judgment.'" *Latshaw*, 452 F.3d at 1103 (citations omitted).  A party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Tani*, 282 F.3d at 1168 (citation omitted).

Although Plaintiff does seek relief pursuant to Rule 60(b)(6), unpublished Ninth Circuit cases indicate that district courts should *sua sponte* determine whether circumstances warrant consideration under Rule 60(b)(6).  *See, e.g., Moore v. United States*, 262 Fed. App'x 828, 829-30 (9th Cir.2008) (reversing the trial court's grant of summary judgment motion based on plaintiffs' counsel's "virtual abandon[ment]" and finding that the trial court erred by denying relief under Rule 60(b)(6) despite the fact that "plaintiffs never argued in the district court they were entitled to relief under subsection (b)(6)") (Bea, J., dissenting); *Spates-Moore v. Henderson*, 305 Fed. App'x 449 (9th Cir.2008) (remanding to the district court for failing to consider whether an attorney's "effective[ ] abandon[ment of] his client" in failing to file timely oppositions to motions to dismiss "constituted gross negligence and extraordinary circumstances sufficient to justify relief under 60(b)(6)").  As such, the Court considers whether there is "any other reason that justifies relief" pursuant to Rule 60(b)(6).

Though neither judgment nor order has issued against Plaintiff for him to seek relief under Rule 60(b), surely the order that Defendant seeks should not be entered against him where, as here, he has submitted evidence of circumstances that supports a finding of excusable neglect as well as injury and circumstances beyond his control that prevented him from complying with the Court's June 3, 2016 order in a proper fashion.  Further, Plaintiff provided the further responses to Defendant's special interrogatories a mere three months later (*see* Doc. 82, pp. 5-9) and requested that Defendant reschedule his deposition (*see* Doc. 76, p. 2), which Defendant declined.

Thus, Defendant's motion to dismiss is **DENIED**, but her motion to modify the scheduling order is **GRANTED**, *nunc pro tunc*.[8]  The deadline for discovery, including the filing of motions to compel, is extended to **May 22, 2016** and the deadline for filing dispositive motions

---

[8] Defendants Rolando Diaz and James Barajas filed statements of non-opposition to Defendant's motion to dismiss as well as to her motion to modify the scheduling order. (Doc. 83.)  Plaintiff did not oppose modifying the scheduling order as well. (Doc. 82, p. 1.)

is extended to **June 22, 2016**.

## ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1.   The motion to compel filed by Defendant Choe on May 26, 2016 (Doc. 70) is **DISREGARDED** as to compelling further responses from Plaintiff to Defendant's special interrogatories since moot, **GRANTED** as to conducting Plaintiff's deposition, but her request for sanctions is **DENIED**:

2.   The motion filed by Defendant Choe on July 14, 2016 (Doc. 70) requesting enforcement of the order of June 3, 2016 and dismissal of the action with prejudice is **DENIED**;

3.   The motion filed by Defendant Choe on October 4, 2016 (Doc. 81) to dismiss this action is **DENIED**, but her request to modify the Discovery and Scheduling Order is **GRANTED**;

    a.   The deadline to conduct all discovery, including filing motions to compel is extended to **May 22, 2016**; and

    b.   The deadline to file dispositive motions is extended to **June 22, 2016**.

4.   The parties shall conduct themselves in good faith;

**Plaintiff is warned that his failure to cooperate in discovery may result in the imposition of sanctions, up to and including dismissal with prejudice of Defendant and all claims against her.   Moreover, his choice to not remain out of custody is no excuse for his failure to comply with his obligations to this case and to this Court.**

IT IS SO ORDERED.

Dated:   **December 22, 2016**                    **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE

15