# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN, | **Case No. 1:14-cv-00108-JLT (PC)** |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR X-RAYS & CAT SCAN and PLAINTIFF'S MOTION FOR A "24 HOUR CRUISE WAIVER" FOR LACK OF JURISDICTION** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | **(Docs. 88, 94)** |

On November 11, 2016, Plaintiff filed a motion seeking an order directing the Fresno County Jail (FCJ) to take a CAT scan of his right shoulder and x-rays of Plaintiff's cheek and left hand to confirm his injuries from the incident at issue in this litigation. (Doc. 88.) In addition, on December 9, 2016, Plaintiff filed a motion seeking an order from the Fresno County Jail to grant him a "24 hour cruise waiver" so that he can obtain his legal paperwork from storage to be able to respond to discovery. (Doc. 94.)

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no

power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Regardless, the pendency of this action does not give the Court jurisdiction over the FCJ or its staff to require them to provide him with medical testing to confirm his injuries or to release him for a day to access his legal paperwork. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969. Plaintiff does not seek injunctive relief against any of the Defendants in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motions must be denied for lack of jurisdiction over the FCJ and staff.

Plaintiff's need/desire for medical evidence of his injuries and access to his legal paperwork to respond to discovery in this action cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

Further, Federal Rule of Evidence 706 ("Rule 706") provides for court appointment of an expert witness upon a party's motion or on its own volition. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . " Fed. R. Evid. 702. The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d

1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). However, where the costs would likely be apportioned to the government, the Court should exercise caution. Plaintiff's *pro se*, *in forma pauperis* status alone is not grounds for the appointment of an expert witness to assist him with his case and Rule 706 is not a meant to provide an avenue to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses, *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted).

The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the injuries Plaintiff sustained are not of such complexity that the Court requires the assistance of a neutral expert. *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010). Also, the extent of Plaintiff's injuries from the incident is not dispositive to whether Defendants applied force in a malicious and sadistic manner. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). "Injury and force, . . . , are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, -- S.Ct. --, 2010 WL 596153, *3 (Feb. 22, 2010).

Finally, as to Plaintiff's request for a "24 hour cruise waiver," the Court lacks the authority to order such a thing and would not do so, even if it could. This Court is not positioned to know whether the Plaintiff could be safely released from custody or whether he should be

released from custody. The Court has no information about the risks, if any, he poses to others if this was allowed and allowing him to leave the jail would likely thwart the purposes for which he was incarcerated in the first place. Finally, the mere fact he has ongoing litigation in no way constitutes a "get out of jail free card." Rather, his actions returning him to custody over and over have hampered in his ability to prosecute this action; this was his choice. He must complete the sentenced imposed on him without any interference by this Court.

On the other hand, though Plaintiff may not be able to give full and complete responses to discovery while he is in custody, he may provide responses to any discovery to the best of his recollection while incarcerated. Once Plaintiff is released and gains access to his legal paperwork, he is obligated under Federal Rule of Civil Procedure 26(e) to supplement and/or correct any deficient discovery responses given while incarcerated.

Accordingly, the Court **ORDERS** that Plaintiff's motions for injunctive relief, filed November 21, 2016 (Doc. 88), and December 9, 2016 (Doc. 94) are **DENIED** for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **December 22, 2016**                    **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE