# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | **Case No.  1:14-cv-00108-JLT (PC)**<br><br>**ORDER ON PLAINTIFF'S DISCOVERY MOTIONS**<br><br>**(Docs. 84, 85, 89)** |

Plaintiff has filed three motions on discovery that are pending before the Court:  (1) a motion seeking for Defendants Diaz and Barahas to provide him with the name of an officer or employee at the Fresno County Jail (FJC) who has knowledge of the video surveillance systems within the jail, (Doc. 84); (2) a motion for Plaintiff to be allowed to serve interrogatories on non-party witnesses, (Doc. 85); and a motion for copies of discovery from Defendants, or to meet and confer with them, (Doc. 89).

**I.      Motions to Compel Interrogatory Responses**

Plaintiff is entitled to seek discovery of any non-privileged matter that is relevant to his claims.  Fed. R. Civ. P. 26(b)(1).  The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed.

R. Civ. P. 33(b)(4). The responding party shall use common sense and reason, *e.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008), and hyper-technical, quibbling, or evasive objections will not be treated with favor.

A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden to demonstrate why the objection is not justified. *See Glass v. Beer,* No. 1:04-cv-05466-OWW-SMS, 2007 WL 913876, at *1 (E.D. Cal. Mar. 23, 2007). In general, Plaintiff must inform the Court which discovery requests are the subject of his motion and, for each disputed response, inform the Court why Defendants' objections are not justified. *Id.*, *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Singleton v. Hedgepath,* No. 1:08-cv-00095-AWI, 2011 WL 1806515, at *4 (E.D. Cal. May 10, 2011); *Williams v. Adams*, 1:05-cv-00124-AWI-SMS (PC), 2009 WL 1220311, *1 (E.D. Cal. May 4, 2009).

## II. Plaintiff's Motion to Compel Name of Jail Employee with Knowledge of Video Surveillance Systems

In his first motion, Plaintiff requests that Defendants Diaz and Barahas be compelled to provide him the name of a FJC employee who has full knowledge of the video surveillance systems within the jail and the policies that govern their preservation. (Doc. 84.) This would normally be the subject of a motion to compel a response to an interrogatory. However, Plaintiff indicates that he has requested the video footage from the two incidents at issue in this action from these Defendants, but that they have only responded that there is no video, without further explanation. (*Id.*) Defendants oppose this motion by stating that Plaintiff's motion is improper since he has not propounded written discovery requests on them seeking this information. (Doc. 87.) Plaintiff replied by stating that he intended his motion to compel production of the video surveillance footage, but in an effort to "save time," he requests the name of the FJC employee

1  with knowledge thereon since Defendants responded to his discovery requests for the actual video
2  footage by stating that no such video exists and refuse to answer further interrogatories as
3  Plaintiff has run out of discovery requests.  (Doc. 91.)
4        As a preliminary matter, Plaintiff's motion to compel is deficient as it merely identifies
5  what he wants Defendants to be forced to disclose -- the name of a FJC employee with knowledge
6  of the surveillance system -- without showing that he has propounded an interrogatory seeking as
7  much on Defendants.  It is noted that Plaintiff previously filed a discovery motion that suffered
8  from this same defect.  (*See* Docs. 53, 67.)  Further, the order on Plaintiff's prior discovery
9  motion specifically found that Plaintiff had, at that point, propounded 25 requests for production
10  of documents/items and that he was not allowed to serve any further requests for production
11  under Rule 34.  (Doc. 67, pp. 3-4.)  That ruling also specifically addressed the surveillance videos
12  that Plaintiff again seeks, (*id*, at pp. 5-6), which the Court declines to revisit here.
13        Plaintiff's motion to compel Defendants Diaz and Barahas to produce the name of an FJC
14  employee officer with knowledge of the video surveillance system is **DENIED**.  Plaintiff may
15  propound an interrogatory seeking the name of the FJC employee he desires if he has not already
16  exhausted his 25 interrogatories allowed in this action.  However, any further motions by Plaintiff
17  to compel production of video surveillance footage of the incidents involved in this case will be
18  summarily stricken.
19  **III.     Plaintiff's Motion to Serve Interrogatories on Witnesses**
20        Plaintiff seeks to be allowed to serve 15-16 witnesses with interrogatories and indicates
21  that if he cannot serve them with interrogatories, he will need an attorney[1] as it will be impossible
22  for him to prosecute the case while incarcerated.  (Doc. 85.)  Defendants[2] Diaz and Barahas filed
23  an opposition, asserting that Plaintiff's motion should be denied as Rule 33 only allows
24  interrogatories to be served on parties to an action and that Plaintiff can either depose the
25  witnesses, or subpoena them at trial.  (Doc. 86.)

---

[1] Plaintiff is not prohibited from filing a motion for appointment of counsel, but has not made the requisite showing for any such request to be considered herein.

[2] Defendant Nurse Monica Cho did filed neither an opposition, nor a statement of non-opposition.

1           Defendants are correct that interrogatories under Rule 33 may only be served on parties in an action. *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010); Fed. R. Civ. P. 33. Plaintiff may not serve interrogatories on individuals who are not parties to this action. However, as Defendants also correctly state, Plaintiff may depose them or subpoena them to testify if/when this action proceeds to trial.

**IV.     Plaintiff's Motion for Discovery and to Meet and Confer**

In his third motion, Plaintiff states that he does not have any of his legal work with him, which includes prior discovery that has taken place in this action. (Doc. 89.) Though unclear, it appears Plaintiff is requesting all of the Defendants to provide him with additional copies of the discovery that has been conducted in this action. None of the Defendants filed opposition or statements of non-opposition to this motion. Plaintiff may obtain copies of discovery that has taken place in this action from Defendants, but must pre-pay the cost of copying, if the defendants demand this.

**V.     Conclusion**

Based upon the foregoing, the Court **ORDERS**:

1.     Plaintiff's motion seeking for Defendants Diaz and Barahas to provide him with the name of an officer or employee at the Fresno County Jail (FJC) who has knowledge of the video surveillance systems within the jail, (Doc. 84), is **DENIED**;

2.     Plaintiff's motion to be allowed to serve interrogatories on witnesses, (Doc. 85), is **DENIED**; and

3.     Plaintiff's motion for discovery from Defendants, or to meet and confer with them, (Doc. 89) is **GRANTED**, but <u>only if</u> he pre-pays the copying costs, if demanded he do so by the defendants.

IT IS SO ORDERED.

   Dated:     **January 12, 2017**                    **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

4