# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00108-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S DISCOVERY MOTION**<br><br>**(Doc. 105)** |

In this action, Plaintiff is proceeding on claims of: (1) excessive force and deliberate indifference to his serious medical needs in violation of the Eight Amendment, violation of Plaintiff's right of access to the courts, and retaliation in violation of the First Amendment against Sergeant Diaz; (2) excessive force in violation of the Eight Amendment and retaliation in violation of the First Amendment against Officer Barahas; and (3) deliberate indifference to his serious medical needs in violation of the Eight Amendment against Nurse Monica. (Doc. 17.)

In this motion, Plaintiff seeks to compel Defendants to produce the video taken of the incident and if it does not exist, to provide an explanation of why it was not preserved. Also, in this event, he seeks an order requiring the defendants to provide an expert from the jail with knowledge of the policies surrounding the preservation of video evidence and schematics of where the cameras are located and when the cameras in the hallway were placed. (Doc. 105, pp. 1-5.) However, the Court has addressed this issue several times already. (*See* Doc. 67, pp. 5-6,

Doc. 104, pp. 2-3.)

The latest of this Court's prior discovery orders prohibited Plaintiff from filing further motions to compel production of the video footage. (Doc. 104, 3:14-18.) That order did, however, allow Plaintiff to propound an interrogatory seeking the name of the Fresno County Jail employee with knowledge of the surveillance system if he had not already exhausted his 25 interrogatories allowed in the action. (*Id.*)

Plaintiff contends that he propounded an interrogatory requesting Defendants "to provide a Fresno County Jail employee with knowledge of the video surveilance (sic) system and the policies which govern the investigations within the jail and preservation of any video which captures evidence or incidents." (Doc. 105, p. 2.) However, Plaintiff attached Defendants' response to an interrogatory wherein Plaintiff asked[1]: "If the video surveilance (sic) is not available I would like an explanation of why or what happened to it." (Doc. 105, p. 15.) In response, Defendants provided a detailed explanation culminating with the statement: "Therefore, video footage never existed of the two alleged incidences (sic) that occurred on December 25, 2013 and March 11, 2014." (*Id.*, pp. 15-16.) The verification for the accuracy of the response provided was signed by "Juan M. Gonzales" who is noted as being employed as a correctional officer by the Fresno County Sheriff's Department. (*Id.*, p. 17.) This effectively identified the person with knowledge of the video surveillance at the relevant time.

It is Plaintiff's burden in his motion to compel to demonstrate why a response is insufficient or an objection is not justified. *See Glass v. Beer,* No. 1:04-cv-05466-OWW-SMS, 2007 WL 913876, at *1 (E.D. Cal. Mar. 23, 2007). Plaintiff fails to meet this burden as he fails to show that he propounded discovery requesting the information he seeks in this motion. This has been a defect of Plaintiff's prior discovery motions as well. (*See* Docs. 53, 67, 104.)

Plaintiff's motion for production of the video is **DENIED** and, to the extent that his motion seeks an explanation of why it was not preserved and to compel they provide an expert within the jail with knowledge of the policies surrounding the preservation of video evidence it is

---

[1] Plaintiff did not submit any interrogatory he propounded seeking the identity of such person.

2

1  **DENIED** since Defendants' response which he attached as Exhibit 2 provided this information and iterated that the video *never* existed. To the extent Plaintiff desires production of the name of someone knowledgeable of the schematics of where the cameras are located and how long the cameras in the hallway were placed, the request is **DENIED** based on Plaintiff's failure to show that he propounded a discovery request seeking this information. Moreover, Plaintiff does not explain how discovery on the coverage of any video surveillance at the jail would assist him in proving any element of his case.

Further, to the extent Plaintiff's motion seeks to compel Defendants to produce information regarding the dates which his medical eye-patch was put on and taken off of the "alert system" and by whom, (Doc. 105, pp. 5-7), it is **DISREGARDED** as rendered moot by Defendants' supplemental response which they attached to their opposition (Doc. 107, pp. 10-14).

Accordingly, the Court **ORDERS** that Plaintiff's motion to compel, filed on January 12, 2017, is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 7, 2017**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE