# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:14-cv-00108-JLT (PC)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS DUE TO SPOLIATION OF VIDEO EVIDENCE**<br><br>**(Doc. 95)** |

In this action, Plaintiff is proceeding on the Second Amended Complaint on claims of excessive force and deliberate indifference to his serious medical needs based on two incidents that occurred in the Fresno County Jail -- on December 25, 2013 and March 11, 2014. (Docs. 16, 17.) Pending before the Court is Plaintiff's motion for sanctions against Defendants for spoliation of surveillance video which Plaintiff asserts exists. (Doc. 95.)

## **LEGAL STANDARDS**

Spoliation of evidence is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or reasonably foreseeable litigation." *Keamev v. Folev&Lardner. L.L.P..* 590 F.3d 638, 649 (9th Cir. 2009) (quoting *Hernandez v. Garcetti*, 68 Cal.App.4th 675, 680 (1998)). The authority to impose sanctions for spoliation arises from a court's inherent power to control the judicial process. *Medical*

1

*Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc*., 306 F.3d 806, 824 (9th Cir. 2002). The exercise of a court's inherent powers must be applied with "restraint and discretion" and only to the degree necessary to redress the abuse. *Chambers v. NASCO, Inc*., 501 U.S. 32, 45 (1991); *see also Schmid v. Milwaukee Electric Tool Corp*., 13 F.3d 76, 79 (3rd Cir. 1994) (courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim").

A party seeking an adverse inference instruction (or other sanctions) based on the spoliation of evidence must establish the following three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a "culpable state of mind" and (3) that the evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Zubulake v. USB Warburg LLC ("Zubulake IV"),* 220 F.R.D. 212, 220 (S.D.N.Y. 2003) (citing *Residential Funding Corp. v. DeGeorge Fin'l Corp.,* 306 F.3d 99, 108 (2d Cir. 2002)); *see also Apple Inc. v. Samsung Electronics Co., Ltd. ("Apple II"),* 888 F.Supp.2d 976, 989-90 (N.D.Cal. 2012); *Surowiec v. Capital Title Agency, Inc.,* 790 F.Supp.2d 997, 1005 (D.Ariz. 2011); *Lewis v. Ryan,* 261 F.R.D. 513, 521 (S.D.Cal. 2009); *Rev 973 LLC v. Mouren-Laurens,* 2009 WL 273205 at *3 (C.D.Cal. 2009); *cf. Victor Stanley v. Creative Pipe, Inc.,* 269 F.R.D. 497, 520-21 & App'x (D.Md. 2010) (analyzing standards for spoliation sanctions by circuit). "After considering these factors, a court must then consider all available sanctions and determine the appropriate one." *Apple Inc. v. Samsung Electronics Co., Ltd. ("Apple I"),* 881 F.Supp.2d 1132, 1138 (N.D.Cal. 2012). The party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim. *Centrifugal Force, Inc. v. Softnet Communication, Inc.,* 783 F.Supp.2d 736, 740 (S.D.N.Y.2011).

## **ANALYSIS**

Before the elements of a spoliation claim can be evaluated, it is fundamental that the party seeking sanctions establish that the evidence in question actually currently exists in an altered form, or previously existed. This is an essential prerequisite to any spoliation claim and is where Plaintiff's motion is wanting.

In his motion, Plaintiff asserts that he "went to court on the new criminal charges and twice the judge ordered the Plaintiff be provided a copy of the video," but that "no video was ever provided to the Plaintiff and the District Attorney dropped all charges." (Doc. 95, p. 3.) This does not establish that any surveillance video of the incidents exists or has ever existed. Rather, this contention suggests that no such video has ever existed since -- if it did exist, it would have been produced in the criminal proceeding against Plaintiff. The Court takes judicial notice of the docket entries in *The State of California v. Michael Neil Jacobsen,* Fresno Superior Court Case No. F14902385. Fed.R. Evid. 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012). Charges were filed against Plaintiff in that case on March 13, 2014 for battery upon a custodial officer and resisting public of peace officer. On March 19, 2014, the parties stipulated to discovery pursuant to California Penal Code § 1054. On March 28, 2014, Plaintiff requested the items of discovery that were described in the March 19, 2014 hearing and the Court found discovery was not provided to Plaintiff, and ordered it be provided to him by May 2, 2014. On May 2, 2014, Plaintiff was released on all counts and the case was dismissed.

Plaintiff appears to point to the events in that criminal case against him to suggest that a video existed which exonerated him in that action and would have proved his claims here. However, no such definitive conclusion can be made since the docket entries in that action do not show that a video was produced and played, let alone what any such video may have depicted; nor is there a docket entry finding Plaintiff not guilty of the charges against him. The fact that no video was produced in the criminal proceedings, despite the judge twice ordering it, may more likely, but not definitively be construed to imply that no surveillance video exists or has ever exited of the incidents in question here.

Plaintiff also asserts that the "sheriff detective (arresting officer) and the jail Sergeant who heard the write up both told Plaintiff that there was a video and that it would be preserved due to the criminal charges" which were filed against him from the incidents. (Doc. 95, p. 4.) However, Plaintiff did not attach declarations from the detective or the sergeant to his motion to establish that such video exists and his motion is not signed under penalty of perjury.

Furthermore, the discovery issues which have arisen in this action over the video all

support the conclusion that no such surveillance video has ever existed. (*See* Docs. 67, 104, 108.) In their opposition, Defendants Barajas and Diaz present a declaration from Officer Juan M. Gonzalez, who oversees the security cameras in the jail, and is familiar with the security camera set up in the main jail which definitively states: "No video was recorded of the alleged incidents on December 25, 2013 and March 11, 2014. Thus, video of the alleged incidents never existed." (Doc. 103, pp. 5-6.) In his reply, Plaintiff asserts that Officer Gonzalez's declaration contradicts a response that Defendants provided to his discovery request, but the discovery response Plaintiff points to states that there was no security camera pointed to capture images of the incidents on the dates at issue in this action. (Doc. 106, pp. 12-13.) That discovery response does not bolster Plaintiff's argument; rather it is consistent with Officer Gonzalez's declaration -- the fact that no security camera was set up that could capture the incidents at issue in this action logically leads to the conclusion that video of the alleged incidents never existed.

Finally, in his reply Plaintiff submits his own declaration containing several statements of FCJ employees as well as a declaration from Plaintiff's cellmate that indicates he overheard Plaintiff's conversations with the FCJ employees and agrees that Plaintiff has truthfully represented those statements. A statement made outside of court, which is offered for the truth of the matter asserted in the statement is hearsay. Fed. R. Evid. 801. Hearsay is not admissible, Fed.R.Evid. 802, unless it meets an exception, Fed. R. Evid. 803. Plaintiff offers the statements of the FCJ employees in his declaration for the truth of the matter asserted in each statement -- that a surveillance camera has been pointed at the legal research room for the 4+ years Officer M. Rocha has worked at FCJ; that the camera has probably been there since before Officer M. Bejar was born; that there has been a camera there for many, many years (Officers J. Valenzuela & J. DeLaCruz); that a camera has been there for the 4 or 5 years Corporal D. Nichols has been employed at FCJ; and that though a new system is being installed, that the old system was tied to a company in Texas that recorded all of the video from all of the cameras within FCJ which held the video for two years before recording over it (Corporal V. Soun). (Doc. 106, pp. 6-9.) Plaintiff seeks to use each of these statements for the truth of the matter asserted therein, bolstered by the declaration of his cellmate that those statements in Plaintiff's declaration are true.

However, none of the statements by FCJ employees recited in Plaintiff's declaration are considered since none of the exceptions to the rule against hearsay apply.

Plaintiff does not provide any admissible evidence for the Court to find that surveillance video was taken of the two incidents upon which he is proceeding in this action. Further, even if Plaintiff provided admissible evidence, he fails to make any showing that Defendants Barajas, Diaz, or Nurse Monica Choe had control over any asserted surveillance video, an obligation to preserve it at the time it was destroyed, and that any destruction thereof was done with a "culpable state of mind." *Zubulake IV*.

This is not to say that Plaintiff is unable to present admissible evidence on the existence and spoliation of the surveillance video which he seeks. He has simply not done so here and has not overcome the Defendants' evidence that no such video has ever existed. It is noted that, as of the last notice of change of address which Plaintiff filed, he is out of custody. Thus, Plaintiff is not prohibited from filing further motions on this issue if he is able to obtain admissible evidence from a third party. However, Defendants need not respond to any further motions Plaintiff files regarding surveillance videos on the incidents at issue in this action unless and until ordered to do so by the Court.

## **ORDER**

Accordingly, Plaintiff's motion for sanctions for spoliation of evidence, filed on December 21, 2016 (Doc. 95), is **DENIED**.

IT IS SO ORDERED.

Dated: __**June 20, 2017**__   _____/s/ Jennifer L. Thurston__
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE