# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00108-JLT (PC)<br><br>**ORDER GRANTING NURSE MONICA CHOE'S MOTION FOR SUMMMARY JUDGMENT**<br><br>**(Doc. 109)** |

## I. Procedural History

Plaintiff claims that, in deliberate indifference to his serious medical needs sustained in an altercation with jail staff, Nurse Monica Choe, ignored his complaints and misdiagnosed him. Defendant contends that she is entitled to summary judgment as Plaintiff cannot prove the elements of his claim against her and failed to exhaust available administrative remedies on them as well. For the reasons discussed below, the Court finds that Defendant's motion does not reveal a genuine issue of material fact and should be **GRANTED**.[1]

///

---

[1] The Court notified Plaintiff of the requirements for opposing a motion for summary judgment in an order issued on May 2, 2017. *Woods v. Carey*, Nos. 09-15548, 09-16113, 2012 WL 2626912 (9th Cir. Jul. 6, 2012), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). That notice warned Plaintiff that his failure to file an opposition or a statement of non-opposition to Defendants' motion could result in dismissal for failure to prosecute and that his failure to contradict Defendants' motion with declarations or other evidence would result in Defendants' evidence being taken as truth upon which final judgment may be entered. (Doc. 113.) Despite lapse of more than two months beyond the allowed time, Plaintiff has filed neither an opposition nor a statement of opposition to Defendant's motion. The motion is thus deemed submitted. L.R. 230 (l).

1

## II. Plaintiff's Claim

Plaintiff alleges that on December 25, 2013, he was involved in an altercation with officers of the Fresno County Jail, resulting in injuries including a black eye, scrapes and bumps to his forehead and right shoulder. Plaintiff also alleges that on March 11, 2014, Officer Barajas rolled him over and smashed his knee into the back of his head and neck, resulting in fractures to his right jaw and left hand, as well as re-injury to his right shoulder. Plaintiff alleges that he was denied medical treatment for his alleged injuries. Plaintiff alleges that he was seen by Defendant once (date unspecified) and he tried to show her his fractured hand and jaw, but that Defendant didn't pay any attention to his complaints and misdiagnosed him with syphilis. (Doc. 16, p.5.)

## III. Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1422, 1436 (9th Cir. 1987). The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F.Supp.2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular parts of materials in the

record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and, in moving for summary judgment, need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If Defendant meets the initial burden, it then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.,* 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012). Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

Where, as here, the opposing party fails to file an opposition, a district court may not grant a motion for summary judgment solely on this basis. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n. 4 (9th Cir.1994). However, an unopposed motion for summary judgment may be granted if the movant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1519-20 (9th Cir.1995) (holding local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed.R.Civ.P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996).

## IV. <u>Discussion and Analysis</u>

### A. **Eighth Amendment -- Deliberate Indifference to Serious Medical Needs**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at

1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Plaintiff's alleged injuries from the altercations with custody staff are accepted as a serious medical need.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### B. Defendant's Motion

Defendant's evidence shows that she saw Plaintiff twice relative to his claims against her in this action, while he was incarcerated in the Fresno County Jail. On April 16, 2014, Plaintiff complained of pain on the right cheekbone extending to the facial muscle and a sensation of his teeth wiggling. (UMF #11.) There was a history of an altercation on March 11, 2014. (*Id.*) Plaintiff gave a history of a right shoulder rotator cuff injury and had further complaints of tenderness and swelling of the metacarpal bone in his left hand and numbness in the right hand. (*Id.*) Examination of Plaintiff's left hand revealed a bulging bone structure 3cm x 3cm with no

5

tenderness but was positive for numbness on palpitation. (UMF #12.) There was noted tenderness on extension of the left hand and right shoulder tenderness on rotation. (*Id*.) Plaintiff's right cheek was negative for tenderness on palpation. (*Id*.) Defendant's assessment was acute pain of the left hand and right cheekbone following altercation as well as chronic pain of the right shoulder secondary to Plaintiff's history of rotator cuff injury. (UMF #13.) Defendant referred Plaintiff to the physician. (*Id*.)

Plaintiff was also seen by Defendant on April 25, 2014. (UMF #14.) On that date, Plaintiff presented with concern about a "little red lesion." (*Id*.) Plaintiff had no complaints of tenderness or discharge lately. (*Id*.) Plaintiff also had complaints of right shoulder pain with past history of rotator cuff injury years prior. (*Id*.) The day before, the physician increased Plaintiff's Neurontin dosage from l00mg to 300mg. (UMF #15.) Plaintiff was noted to be positive for Syphilis and stated he had not previously been so informed. (*Id*.) Examination revealed a mole-like 0.2cm x 0.2cm red lesion without tenderness or swelling. (UMF #16.) Defendant's assessment was that Plaintiff was clinically stable and she referred him to the MD/NP to evaluate the need to treat Plaintiff's Syphilis. (*Id*.) Defendant also introduced evidence in the form of expert testimony that her treatment and care of the Plaintiff was medically appropriate, met the applicable standard of care, and that nothing Defendant did or failed to do was a substantial factor of injury to Plaintiff. (UMFs #17-20, 23, 24.)

Defendant's evidence is sufficient to show that she was not deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. The evidence supports Defendant's motion and does not on its face reveal a genuine issue of material fact. *United States*, 47 F.3d at 1519-20. Defendant's request for summary judgment because Plaintiff fails to exhaust available administrative remedies on his claims against her before filing suit need not be reached since Defendant is entitled to summary judgment on the merits of Plaintiff's claim.

**V.      Order**

Accordingly, Defendant Nurse Monica Choe's motion for summary judgment, filed May 1, 2017 (Doc. 109) is **GRANTED**; Defendant Nurse Monica Choe and all claims against her are **DISMISSED with prejudice**; and the Clerk of the Court is directed to enter judgment against

Plaintiff and in favor of Defendant Nurse Monica Choe and reflect her termination on the docket for this case.

IT IS SO ORDERED.

   Dated: **August 18, 2017**           **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE